UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FRANK AUDIA, ALLEN BAKER,
EDWIN BUCZEK, JOSEPH CRISTODERO,
JOHN DIMEGLIO, RICHARD DUGAS,
JESS GILLIAM, THADDEUS LYJAK,
WARREN PRIEBE, ANTHONY SANTAVY,
HORST SKIBBA and CLARENCE WAGNER,

    Plaintiffs,

v.

NEWCOR, INC., a Delaware corporation,

    Defendant.

Case No. 2:10-CV-10209

Hon. Gerald Rosen

_____/

Roger J. McClow (P27170)
KLIMIST, McKNIGHT, SALE,
  McCLOW & CANZANO, P.C.
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650    Fax (248) 354-9656
Email: rmcclow@kmsmc.com

Mark T. Nelson (P27305)
BUTZEL LONG,
 a professional corporation
Attorneys for Defendants
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 213-3606  Fax (734) 995-1777
Email: nelsonm@butzel.com

_____/

**JOINT MOTION FOR ENTRY OF
FINAL JUDGMENT AND ORDER OF DISMISSAL**

    Plaintiffs, Frank Audia, Allen Baker, Joseph Cristodero, John Dimeglio, Richard Dugas, Thaddeus Lyjak, Warren Priebe, Anthony Santavy and Clarence Wagner,[1] and Defendant Newcor, Inc. ("Newcor"), by their respective attorneys, jointly move for preliminary approval of the attached Settlement Agreement.

    1.    In a letter dated January 4, 2010, Newcor, Inc. notified Plaintiffs, retired employees of Newcor's Wilson Automation Division, that it intended to terminate prescription drug coverage for the retirees and all medical insurance benefits for their spouses effective February 1, 2010.

---

[1] Three Plaintiffs, Edwin Buczek, Jess Gilliam and Horst Skibba, died during the pendency of this litigation.  Mr. Buczek and Mr. Skibba signed the Settlement Agreement in March 2011 before they passed away.  All of the original Plaintiffs are covered by the terms of the Settlement Agreement, including the Damage Claim Procedure.

2.      On January 15, 2010, Plaintiffs filed this lawsuit.

3.      Newcor implemented the announced termination of benefit coverage for Plaintiffs and their spouses on February 1, 2009.

4.      On February 8, 2010, Plaintiffs filed a motion for a preliminary injunction.

5.      On July 23, 2010, this Court denied Plaintiffs' motion for preliminary injunction, holding instead that they must arbitrate their claims and dismissed the case without prejudice.

6.      On July 27, 2010, Plaintiffs appealed the July 23, 2010 decision to the United States Court of Appeals for the Sixth Circuit.

7.      On January 8, 2011, while the appeal was pending, Plaintiffs and Newcor initialed a Term Sheet settling the dispute in this case and in the related case *of Burcicki v. Newcor, Inc.*, No. 02-79230 (E.D. Mich.)(Rosen, J.).  Thereafter, the parties entered into the Settlement Agreement, dated May 2, 2011.  A copy of the full Settlement Agreement is attached as Exhibit 1.

8.      The Settlement Agreement provides that Newcor will provide, and pay the full cost of, medical and prescription drug benefits for Plaintiffs and their spouses for the lifetime of Plaintiffs.  The Settlement Agreement further provides that Newcor will pay the full amount of documented damage claims determined pursuant to a Damage Claim Procedure under which disputes, if any, will be resolved by a Magistrate Judge.

9.      The Settlement Agreement provides for entry of a Final Judgment and Order of Dismissal, substantially in the form of Exhibit B to the Settlement Agreement, without material modification.  In the proposed Final Judgment, a copy of which is attached as Exhibit 2, the Court will order Newcor to comply with the terms of the Settlement Agreement and retain continuing jurisdiction for the purposes of enforcing and administering the Settlement Agreement.

10.     On May 12, 2011, the Sixth Circuit Court of Appeals granted Plaintiffs' motion to vacate the July 23, 2010 Order of this Court as moot and to dismiss the appeal.

WHEREFORE, Plaintiffs and Newcor now jointly ask this Court to approve the Settlement Agreement and enter the proposed Final Judgment and Order of Dismissal.

Respectfully submitted,

| | |
|---|---|
| KLIMIST, McKNIGHT, SALE,<br>  McCLOW & CANZANO, P.C. | BUTZEL LONG,<br> a professional corporation |
| By:  /s/ Roger J. McClow<br>Roger J. McClow (P27170)<br>400 Galleria Officentre, Suite 117<br>Southfield, MI  48034<br>(248) 354-9650    Fax (248) 354-9656<br>Email: rmcclow@kmsmc.com | By:  /s/ Mark T. Nelson<br>Mark T. Nelson (P27305)<br>350 S. Main Street, Suite 300<br>Ann Arbor, MI 48104<br>(734) 213-3606  Fax (734) 995-1777<br>Email: nelsonm@butzel.com |
| Attorneys for Plaintiffs | Attorneys for Defendants |

Dated:   June 1, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FRANK AUDIA, ALLEN BAKER,
EDWIN BUCZEK, JOSEPH CRISTODERO,    Case No. 2:10-CV-10209
JOHN DIMEGLIO, RICHARD DUGAS,
JESS GILLIAM, THADDEUS LYJAK,    Hon. Gerald Rosen
WARREN PRIEBE, ANTHONY SANTAVY,
HORST SKIBBA and CLARENCE WAGNER,

    Plaintiffs,
v.

NEWCOR, INC., a Delaware corporation,

    Defendant.
_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Mark T. Nelson (P27305) |
| KLIMIST, McKNIGHT, SALE, | BUTZEL LONG, |
|  McCLOW & CANZANO, P.C. |  a professional corporation |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 400 Galleria Officentre, Suite 117 | 350 S. Main Street, Suite 300 |
| Southfield, MI 48034 | Ann Arbor, MI 48104 |
| (248) 354-9650   Fax (248) 354-9656 | (734) 213-3606  Fax (734) 995-1777 |
| Email: rmcclow@kmsmc.com | Email: nelsonm@butzel.com |

_____/

**MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR ENTRY OF
FINAL JUDGMENT AND ORDER OF DISMISSAL**

**I.   INTRODUCTION**

In a letter of January 4, 2010, Newcor, Inc. notified Plaintiffs, retired employees of Newcor's Wilson Automation division, that it intended to terminate prescription drug coverage for the retirees and all medical insurance benefits for Plaintiffs' spouses effective February 1, 2010.

Shortly thereafter, on January 15, 2010, Plaintiffs filed this lawsuit. After Newcor implemented the announced benefit terminations, Plaintiffs filed a motion for a preliminary injunction on February 8, 2010.

On July 23, 2010, this Court denied Plaintiffs' motion for preliminary injunction, holding instead that they must arbitrate their claims and dismissed this action without prejudice. Plaintiffs appealed the July 23, 2010 Order to the Sixth Circuit Court of Appeals and, in the interim, filed a demand for arbitration.

Just prior to the date for arbitration, Plaintiffs and Newcor reach a settlement of this action and a related case, *Burcicki v. Newcor, Inc.*, No. 02-79230 (E.D. Mich.)(Rosen, J.), where the arbitrator had found in favor of the retirees. The parties initialed a Term Sheet on January 8, 2011 and entered into a formal Settlement Agreement, dated May 2, 2011, a copy of which is attached as Exhibit 1.

On May 12, 2011, the Sixth Circuit Court of Appeals granted Plaintiffs' motion to vacate the July 23, 2010 Order of this Court as moot and to dismiss the appeal.

All Plaintiffs, except Jess Gilliam who died prior to the execution of the Settlement Agreement, signed the Settlement Agreement as did Newcor's President and Counsel for the parties.

## II.  SUMMARY OF THE TERMS OF THE SETTLEMENT AGREEMENT

### A.  HEALTH CARE BENEFITS PLAN

Pursuant to the Settlement Agreement and effective March 1, 2011, Newcor implemented and began paying the full premium for comprehensive health care coverage for Plaintiffs and their spouses. The benefit plan will be provided through Blue Cross Blue Shield of Michigan. All Plaintiffs and their spouses are enrolled in Medicare. The Settlement Plan supplements Medicare coverage by paying the Part A and Part B deductibles and the 20% Part B co insurance. It also provides benefits in addition to what Medicare provides, including increasing the 90 lifetime inpatient hospitalization days provided by Medicare to 365 inpatient hospital days. The Plan has a $1 million lifetime maximum for transplants and a $5 million lifetime maximum for other general services (other than specified limitations on certain expenses such as inpatient substance abuse treatment). A summary of the Settlement Plan benefits is Exhibit D to the Settlement Agreement.

The Settlement Plan also provided prescription drugs with a $10.00 co pay for generic drugs and $20.00 for brand name drugs, both at retail and through mail order.

The Settlement Agreement provides that Newcor will pay the full cost of these benefits for Plaintiffs and their spouses for the lifetime of the Retiree which is the same duration as set forth in the underlying plant closing agreement on which the litigation is based. (Sections 1.8, 9 and 10.1).

The Settlement Agreement provides that any changes to the Settlement Agreement can only be by a written instrument signed by the Plaintiffs who are then living and Newcor, Inc.

### B. DAMAGES

The Settlement Agreement provides that Newcor will pay the full amount of documented damages to each Plaintiff for health care expenses incurred as a result of the February 1, 2010 changes to their health care benefits. (Section 14). The Settlement Agreement establishes a Damage Claims Procedure under which a Magistrate Judge will resolve any disputes.

Under the Dispute Resolution procedure of the Settlement Agreement, a Magistrate Judge will resolve certain specified disputes relating to such matters as damages and changes in insurance providers and plan administrators.

### C. ATTORNEY FEES

The Settlement Agreement provides that Newcor will pay $150,000.00 to Class Counsel for attorneys fees and costs for work performed in this case and in *Burcicki* litigation through the Effective Date and in connection with the Damage Claim Procedure. Plaintiffs' Counsel can seek additional fees and costs for litigating disputes about damage Claim Amounts and, in the future, for enforcing the Settlement Agreement.

### D. ENTRY OF FINAL JUDGMENT AND ORDER OF DISMISSAL

The Settlement Agreement provides that a Final Judgment and Order of Dismissal, substantially in the form of Exhibit B to the Settlement Agreement. (Sections 5 and 16.1.2). In the proposed Final Judgment, the Court will approve the Settlement Agreement and order Newcor to comply with its terms. In exchange, all of the claims of the Class Members and anyone claiming on behalf of or through a Class Member relating to health care benefits not arising from the Settlement will be dismissed with prejudice. In the Final Judgment, the Court will retain jurisdiction for the purpose of enforcing and administering the Settlement Agreement.

A copy of a jointly proposed Final Judgment is attached as Exhibit 2.

### III. LEGAL BASIS FOR ENTRY OF FINAL JUDGMENT

Plaintiffs and Newcor are asking this court to enter a consent decree, that is, a settlement agreement subject to the continuing jurisdiction of the court. *Waste Management of Ohio v. City of Dayton*, 132 F.3d 1142, 1145-46 (6th Cir. 1997); *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983). Such decrees place the power and authority of the Court behind the compromise struck by the parties. *Williams*, 720 F.2d at 920.[2]

Such a consent decree in the form of the proposed Final Judgment and Order of Dismissal is particularly appropriate here where Newcor has agreed to provide a plan of health care and prescription drug benefits for Plaintiffs and their spouses for as long as Plaintiffs live. In the absence of a consent judicial decree, the parties would be faced with the prospect of a series of lawsuits to enforce the bargain they struck over the long life of Newcor's obligation. That potential problem is resolved under the proposed Final Judgment because this Court expressly retains jurisdiction to enforce and administer the Settlement Agreement. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673 (1994).

The Settlement Agreement contemplates continued jurisdiction of this Court to enforce the obligations the parties agreed to undertake. In fact, the parties made the Settlement Agreement subject to the specific condition that "The Court enters the Judgment without material modification." (Section 16.1.2). In other words, by their agreement, all of the parties are asking this court to approve their settlement and to retain jurisdiction over the parties to enforce the Settlement Agreement, if it ever becomes necessary, in the future.

---

[2] Unlike this case, *Williams* was a class action which required preliminary approval of the settlement agreement and notice to the class before entry of the final decree. This case is not a class action. Every living Plaintiff signed the Settlement Agreement individually. In addition, the Settlement Agreement provides the full relief Plaintiffs sought when they brought this action -- fully paid health care and prescription drug benefits and 100% of the damages suffered as a result of the February 1, 2010 changes. Finally, Newcor, not Plaintiffs, has agreed to pay attorney fees and costs to Plaintiffs' counsel. In other words, the Settlement Agreement provides Plaintiffs with full relief with no obligation to pay for *any* of the costs of the litigation that resulted in that complete relief.

## III. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court approve the Settlement Agreement between the parties and enter the Final Judgment and Order of Dismissal attached as Exhibit 2.

Respectfully submitted,

| | |
|---|---|
| KLIMIST, McKNIGHT, SALE, McCLOW & CANZANO, P.C. | BUTZEL LONG, a professional corporation |
| By: /s/ Roger J. McClow<br>Roger J. McClow (P27170)<br>400 Galleria Officentre, Suite 117<br>Southfield, MI 48034<br>(248) 354-9650    Fax (248) 354-9656<br>Email: rmcclow@kmsmc.com | By: /s/ Mark T. Nelson<br>Mark T. Nelson (P27305)<br>350 S. Main Street, Suite 300<br>Ann Arbor, MI 48104<br>(734) 213-3606  Fax (734) 995-1777<br>Email: nelsonm@butzel.com |
| Attorneys for Plaintiffs | Attorneys for Defendants |

Dated:  June 1, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2011, I electronically filed the Joint Motion for Entry of Final Judgment with the Clerk of the Court using the ECF system.

>KLIMIST, McKNIGHT, SALE,
>McCLOW & CANZANO, P.C.
>
>By: /s/ Roger J. McClow
>Roger J. McClow (P27170)
>Attorneys for Plaintiffs
>400 Galleria Officentre, Suite 117
>Southfield, MI 48034
>(248) 354-9650    Fax: (248) 354-9656
>Email: rmcclow@kmsmc.com

Dated: June 1, 2011