UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FRANK AUDIA, ALLEN BAKER,
EDWIN BUCZEK, JOSEPH CRISTODERO,
JOHN DIMEGLIO, RICHARD DUGAS,
JESS GILLIAM, THADDEUS LYJAK,                    Hon. Gerald E. Rosen
WARREN PRIEBE, ANTHONY SANTAVY,
HORST SKIBBA and CLARENCE WAGNER,               Case No. 10-10209

      Plaintiffs,

v.

NEWCOR, INC., a Delaware corporation,

      Defendant.

_____/

**EXHIBIT 1**
**to**
**JOINT MOTION FOR ENTRY OF**
**FINAL JUDGMENT AND ORDER OF DISMISSAL**


**SETTLEMENT AGREEMENT**
**May 2, 2011**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBERT BURCICKI, WILLIAM BURR,
PAUL CZEKIS, GEORGE DEGRAEVE,
FRANK ZAPARANUK, LEONARD KUK,

Hon. Gerald E. Rosen

     Plaintiffs and Counter Defendants,

Case No. 02-70230

v.

NEWCOR, INC., a Delaware corporation,
and NEWCOR M-T-L, INC., a
Michigan corporation,

     Defendants and Counter-Plaintiffs.
_____/

FRANK AUDIA, ALLEN BAKER,
EDWIN BUCZEK, JOSEPH CRISTODERO,
JOHN DIMEGLIO, RICHARD DUGAS,
JESS GILLIAM, THADDEUS LYJAK,
WARREN PRIEBE, ANTHONY SANTAVY,
HORST SKIBBA and CLARENCE WAGNER,

Hon. Gerald E. Rosen

Case No. 10-10209

     Plaintiffs,

v.

NEWCOR, INC., a Delaware corporation,

     Defendant.
_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Mark T. Nelson (P27305) |
| KLIMIST, McKNIGHT, SALE, | BUTZEL LONG, |
|   McCLOW & CANZANO, P.C. |  a professional corporation |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 400 Galleria Officentre, Suite 117 | 150 W Jefferson Ave., Suite 100 |
| Southfield, MI 48034 | Detroit, MI 48226 |
| (248) 354-9650    Fax (248) 354-9656 | (313) 225-7030 Fax (313) 225-7080 |
| Email: rmcclow@kmsmc.com | Email: nelsonm@butzel.com |
| | |
| Attorneys for Plaintiffs | Attorneys for Defendants |

_____/

**SETTLEMENT AGREEMENT**

This Settlement Agreement dated _____, 2011 is between Newcor, Inc, by its attorneys, and certain of the Plaintiffs, in the actions entitled *Burcicki v. Newcor, Inc*, Case No. 02-70230 (E.D. Mich.)("*Burcicki* Litigation") and *Audia v. Newcor, Inc.*, Case No. 10-10209 (E.D. Mich.)("*Audia* Litigation"). "Settlement Agreement" refers to this document and all attached Exhibits. Certain capitalized terms have the meanings given them in Section 1.

# TABLE OF CONTENTS

1.   Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

      1.1   *Audia* Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.2   *Audia* Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.3   *Burcicki* Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.4   *Burcicki* Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.5   Claim Amount . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.6   Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.7   Deceased Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.8   Duration of Coverage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.9   Effective Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.10  Final Claims Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.11  Final Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.12  Insurance Provider . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.13  Living Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.14  Magistrate Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.15  Medical Insurance Benefits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.16  Newcor, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.17  Newcor Machine Tool Closing Agreement . . . . . . . . . . . . . . . . . . . . . .
      1.18  Newcor Machine Tool Collective Bargaining Agreement . . . . . . . . . . . . . . . . . .
      1.19  Newcor Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.20  Participant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.21  Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.22  Plaintiffs' Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.23  Reinstatement Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.24  Retiree Committee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.25  Settlement Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.26  Spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.27  UAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      1.28  Wilson Automation Closing Agreement . . . . . . . . . . . . . . . . . . . . . . . .
      1.29  Wilson Automation Collective Bargaining Agreement . . . . . . . . . . . . . . . . . . . .

2.   Description of the Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

3.   Benefits of Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

4.   No Admissions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

5    Final Judgment to be Entered by Court Approving
     the Settlement and Retaining Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

6.   Pending Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

7.   Releases and Related Matters . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

8.    Eligibility and Participation  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

9.    Implementation and Continuation of the Settlement Plan . . . . . . . . . . . . . . . . . . . . . . . . .

10.   Cost of the Settlement Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

11.   Insurance Providers and Administrators  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

12.   Communication with Participants  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

13.   Dispute Resolution by the Magistrate Judge  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

14.   Damages and Damage Claim Procedure  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

15.   Costs and Attorney Fees  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

16.   Conditions of Settlement  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

17.   Effect of Disapproval and Termination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

18.   Miscellaneous Provisions  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

19.   Signatures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

SUMMARY OF SETTLEMENT AGREEMENT

This Settlement Agreement settles all claims of the *Audia* Plaintiffs in the *Audia* Litigation and the *Burcicki* Plaintiffs in the *Burcicki* Litigation.

Newcor, Inc. will provide the Settlement Plan for the Plaintiffs beginning with the Reinstatement Date and for the Duration of Coverage. Newcor, Inc. will pay the agreed upon Claim Amount to Plaintiffs as determined by the Damage Claim Procedure set forth below. In addition, Newcor, Inc. will pay the agreed upon Costs and Attorney Fees to Plaintiffs' Counsel. The Settlement Agreement will be incorporated into a Final Judgment enforceable against Newcor, Inc. In exchange, all of the claims of the Plaintiffs in the *Audia* Litigation and the *Burcicki* Litigation and all of the counterclaims of Newcor, Inc. against the Burcicki Plaintiffs will be dismissed with prejudice.

1.      *Definitions.*

    1.1      *Audia Litigation* means the lawsuit entitled *Audia v. Newcor, Inc.*, Case No. 10-10209 (E.D. Mich.).

    1.2      *Audia Plaintiffs* means Frank Audia, Allen Baker, Edwin Buczek, Joseph Cristodero, John DiMeglio, Richard Dugas, Jess Gilliam, Thaddeus Lyjak, Warren Priebe, Anthony Santavy, Horst Skibba and Clarence Wagner.

    1.3      *Burcicki* Litigation means the lawsuit entitled *Burcicki v. Newcor, Inc*, Case No. 02-70230 (E.D. Mich.).

    1.4      *Burcicki* Plaintiffs means Robert Burcicki, George DeGraeve and Frank Zaparanuk.

    1.5      *Claim Amount,* for each eligible Plaintiff, means the amount of damages determined by the procedure set forth in Section 14.

    1.6      *Court* means the United States District Court for the Eastern District of Michigan.

    1.7      *Deceased Plaintiff* means a Plaintiff who is no longer living on the Effective Date.

    1.8      *Duration of Coverage* means coverage under the Settlement Plan for all Plaintiffs (including their Spouse) for the Retiree and Spouse for the life of the Plaintiff.

    1.9      *Effective Date* means thirty-one days after the Final Judgment is entered if no appeal is filed.

    1.10      *Final Claims Order* means the order of the Court approving the Claims Amount pursuant to Section 14 substantially in the form attached as Exhibit A.

    1.11      *Final Judgment* means the final judgment of the Court approving this Settlement Agreement substantially in the form attached as Exhibit B.

    1.12      *Insurance Provider* means an insurance company who provides the Settlement Plan as insured Medical Insurance Benefits.

1.13    *Living Plaintiff* means a Plaintiff living as of the date of this Settlement Agreement. A list of Living Plaintiffs is attached as Exhibit C.

1.14    *Magistrate Judge* means a Magistrate Judge appointed by the Court to resolve disputes pursuant to Section 13.

1.15    *Medical Insurance Benefits* means the hospital, medical, surgical and prescription benefits provided to Plaintiffs.

1.16    *Newcor, Inc.* means Newcor, Inc., a Delaware corporation; Dearborn Tool & Machine Corp.; Newcor Machine Tool, Inc.; Newcor M-T-L, Inc.; Wilson Automation or other entity who was a signatory to, or obligated under, a Collective Bargaining Agreement or Closing Agreement.

1.17    *Newcor Machine Tool Closing Agreement* means the Memorandum of Agreement between Newcor, Inc and the UAW relating to the closing of the Newcor Machine Tool Ford Road plant dated September 11, 1991.

1.18    *Newcor Machine Tool Collective Bargaining Agreement* means the successive collective bargaining agreements between Newcor, Inc. and the UAW and its Local 157, the last of which is for the period September 11, 1989 through September 19, 1992.

1.19    *Newcor Parties* means all and each of Newcor, Inc., its predecessor corporations, the present and former officers, directors, committees, employees, parents, subsidiaries, divisions, attorneys, insurers, partners, consultants, advisers, agents, and representatives of Newcor, Inc. and its predecessor corporations as well as its successors, assigns, and present and former direct and indirect affiliates.

1.20    *Participant* means any Plaintiff or Spouse who participates in the Settlement Plan.

1.21    *Plaintiffs* means the *Audia* Plaintiffs and the *Burcicki* Plaintiffs.

1.22   *Plaintiffs' Counsel* means the law firm of KLIMIST, McKNIGHT, SALE, McCLOW & CANZANO, P.C., 400 Galleria Officentre, Suite 117, Southfield, Michigan 48034.

1.23   *Reinstatement Date* means March 1, 2011.

1.24   *Retiree Committee* means a committee of Plaintiffs who will monitor the administration of the Settlement Plan and the Settlement Agreement after the Effective Date. The Retiree Committee will be initially comprised of Frank Audia, John DiMeglio and Anthony Santavy. The Retiree Committee will meet in person or telephonically whenever any of the Committee Members requests a meeting. One person will be designated as the Chairperson of the Retiree Committee. The Retiree Committee will act by consensus or by majority vote if there is no consensus. Three Committee Members will constitute a quorum. Whenever a Committee Member ceases participation in the Retiree Committee, the remaining Committee Members will appoint a replacement and notify Newcor, Inc. in writing.

1.25   *Settlement Plan* means a plan of Medical Insurance Benefits with the same level of benefits provided under the Blue Managed Traditional Comprehensive Major Medical Plan, including Medicare Complementary Coverage (Off the Shelf Cluster Program - Group #08467-001), as summarized in Exhibit D.

1.26   *Spouse* means the current spouse of a Plaintiff. A list of Spouses eligible to be Participants is attached as Exhibit E.

1.27   *UAW* means the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its Local 155 or its Local 157.

1.28   *Wilson Automation Closing Agreement* means the Memorandum of Agreement dated May 2, 1996 between Newcor, Inc and the UAW and its Local 155 relating to the closing of the Wilson Automation plant.

8

1.29    *Wilson Automation Collective Bargaining Agreement* means the successive collective bargaining agreements between Newcor, Inc. and the UAW and its Local 155, the last of which is for the period August 28, 1993 through August 28, 1997.

2.      *Description of the Litigation*.

2.1    On January 18, 2002, Robert Burcicki, William Burr, Paul Czekis, George De Graeve, Frank Zaparanuk and Leonard Kuk sued Newcor, Inc in the United States District Court for the Eastern District of Michigan, seeking a declaratory judgment that Newcor, Inc. was required to provide them with lifetime Medical Insurance Benefits.  They also sought monetary damages and injunctive relief.

2.2    The *Burcicki* Litigation was brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, and Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132.  The plaintiffs complained that Newcor, Inc. had breached the Newcor Machine Tool Collective Bargaining Agreement, the Newcor Machine Tool Closing Agreement and the welfare benefit plans applicable to Newcor Machine Tool retirees.  Newcor, Inc. denied that it had breached the collective bargaining agreements, plant closing agreement or welfare benefit plans and asserted certain affirmative defenses.

2.3    On April 12, 2002, Newcor, Inc. declared bankruptcy and filed a notice of bankruptcy with the Court in the *Burcicki* Litigation on April 16, 2002.

2.4    On April 16, 2002, in the *Burcicki* Litigation, the Court entered an Order for Administrative Closing Due to Bankruptcy Stay.

2.5    In a letter dated March 26, 2009, Newcor, Inc. notified *Burcicki* Plaintiff George DeGraeve that it intended to terminate his Medical Insurance Benefits effective March 31, 2009.

9

2.6     In a letter dated April 22, 2009, Newcor, Inc. notified *Burcicki* Plaintiffs Robert Burcicki and Frank Zaparanuk that it intended to terminate their Medical Insurance Benefits effective April 30, 2009.

2.7     On May 28, 2009, the *Burcicki* Plaintiffs filed a motion to reopen the *Burcicki* Litigation.

2.8     On June 10, 2009, the Court entered an Order reopening the *Burcicki* Litigation.

2.9     On September 8, 2009, Newcor, Inc. filed an Amended Answer and a Counterclaim against the *Burcicki* Plaintiffs seeking to recover premiums that Newcor, Inc. had paid for their Medical Insurance Benefits.

2.10     In a letter dated January 4, 2010, Newcor, Inc. notified the *Audia* Plaintiffs that it intended to terminate prescription drug coverage for *Audia* Plaintiffs and all Medical Insurance Benefits for the Spouses of the *Audia* Plaintiffs.

2.11     On January 15, 2010, the *Audia* Plaintiffs filed the *Audia* Litigation.

2.12     The *Audia* Litigation was brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, and Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132.  The *Audia* Plaintiffs complained that Newcor, Inc. had breached the Collective Bargaining Agreement, the Wilson Automation Closing Agreement and welfare benefit plans applicable to the *Audia* Plaintiffs.  Newcor, Inc. denied that it had breached the collective bargaining agreements, plant closing agreement or welfare benefit plans and asserted certain affirmative defenses.

2.13    On March 23, 2010, the Court entered an Order in the *Burcicki* Litigation denying the motion of the *Burcicki* Plaintiffs for preliminary injunction, ordering *Burcicki* Plaintiffs Burcicki and Zaparanuk to arbitrate their claims and staying the *Burcicki* Litigation with respect to Plaintiff DeGraeve.

2.14    On March 29, 2010, the *Burcicki* Plaintiffs appealed the Court's March 23, 2010 decision to the United States Court of Appeals for the Sixth Circuit.

2.15    On July 23, 2010, the Court entered an Order in the *Audia* Litigation denying the motion of the *Audia* Plaintiffs for preliminary injunction, holding that the *Audia* Plaintiffs had to arbitrate their claims and dismissing the *Audia* Litigation without prejudice.

2.16    On July 27, 2010, the *Audia* Plaintiffs appealed the Court's July 23, 2010 decision to the United States Court of Appeals for the Sixth Circuit.

2.17    On December 8, 2010, Arbitrator Theodore St. Antoine issued his decision in favor of *Burcicki* Plaintiffs Burcicki and Zaparanuk.

2.18    On December 28, 2010, the Sixth Circuit notified the parties that oral argument of appeals in the *Burcicki* Litigation and the *Audia* Litigation would be held on March 1, 2011.

2.19    The arbitration of the *Audia* Plaintiffs' claims was scheduled for January 11, 2011 before Arbitrator Joseph Girolamo.

2.20    The parties initialed a Settlement Term Sheet on January 8, 2011, a copy of which is attached as Exhibit F.

3.    *Benefits of Settlement*.

3.1    *To the Plaintiffs*.  In deciding to enter into this Settlement Agreement, the Plaintiffs and Plaintiffs' Counsel recognized the length of further proceedings necessary to complete the Litigation against Newcor, Inc. through arbitration, review by the Court and appeals.  The Plaintiffs

11

and Plaintiffs' Counsel considered the uncertainty and delays of continued litigation and the various possible outcomes of litigation.  Given these considerations, risks and uncertainties, the  Plaintiffs and Plaintiffs' Counsel have determined that it is beneficial that the claims of Plaintiffs be settled on the terms set forth herein.

3.2     *To Newcor, Inc.*  Newcor, Inc. has concluded that the further conduct of the Litigation would be protracted, expensive and subject to variable outcomes.  Absent settlement, substantial amounts of time and resources would continue to be spent in the defense of the claims asserted on behalf of Plaintiffs.  Without admitting liability, Newcor, Inc. therefore has determined that it is beneficial that all claims of the Plaintiffs be settled on the terms set forth herein.

4.     *No Admissions.*

4.1     The Newcor Parties continue to deny any wrongdoing or legal liability arising out of any of the claims against Newcor, Inc. in the Litigation.  Neither this Settlement Agreement, any document referred to herein nor any action effectuating this Settlement Agreement may be construed as an admission of wrongdoing or liability by any of the Newcor Parties.

4.2     Plaintiffs have contended and continue to contend that their claims are meritorious. This Settlement Agreement may not be construed as an admission by Plaintiffs that their claims lack merit.

4.3     The negotiation and implementation of this Settlement Agreement may not be construed as an admission by any party.  This Settlement Agreement, the Judgment and any related documents shall not be introduced in evidence in any proceeding against any Newcor Party in any Court or agency or other tribunal for any purpose except to secure Court approval of the Settlement Agreement or to enforce the terms of the Settlement Agreement or Judgment.

5.      *Final Judgment to be Entered By Court Approving the Settlement and Retaining Jurisdiction.*

      5.1      The parties will request that a Final Judgment be entered, in substantially the form of Ex. B which will approve and incorporate the Settlement Agreement; retain the jurisdiction of the Court to enforce the Settlement Agreement; and be enforceable against Newcor, Inc.

6.      *Pending Appeals.*

      6.1      The pending appeals will be dismissed as moot.  Plaintiffs will petition the Sixth Circuit and/or the Court to vacate the Court's decisions of March 23, 2010 in the *Burcicki* Litigation and July 23, 2010 in the *Audia* Litigation as moot.  Newcor, Inc. will concur in Plaintiffs' petition(s) that these decisions be vacated as moot.

7.      *Releases and Related Matters.*

      7.1      Each Living Plaintiff and anyone claiming on behalf of any Deceased Plaintiff releases and discharges any and all rights, claims or causes of action, whether known or unknown, which any Living Plaintiff, or anyone claiming on behalf of any Deceased Plaintiff, has or may have against any of the Newcor Parties, with respect to Medical Insurance Benefits or the changing of Medical Insurance Benefits, that were or could have been asserted in the *Burcicki* Litigation or the *Audia* Litigation, as applicable.

      7.2      The Newcor Parties release and discharge all Plaintiffs from any and all rights, claims or causes of action, whether known or unknown, which the Newcor Parties have or may have against any of the Plaintiffs, with respect to the payment of Medical Insurance Benefits that were or could have been asserted in the Litigation.  The Judgment shall forever bar the Newcor Parties and anyone claiming on behalf of a Newcor Party from instituting or prosecuting, either directly or indirectly, any such claims or causes of action against any of the Plaintiffs.

7.3     This Settlement Agreement does not waive or release any claim that any Plaintiff has or may have in the future with respect to any obligation not related to Medical Insurance Benefits, including, but not limited to, claims with respect to workers' compensation or pension benefits.  This Settlement Agreement does not waive any claim which may arise regarding enforcement of this Settlement Agreement and the Judgment incorporating this Settlement Agreement.

8.     *Eligibility and Participation*.

8.1     All Living Plaintiffs and Spouses (except George DeGraeve and his Spouse) shall be Participants in the Settlement Plan as of the Reinstatement Date.

8.2     George DeGraeve and his Spouse will not be eligible to be Participants in the Settlement Plan.

8.3     Not more than once every year, Newcor, Inc. can send Participants a Form asking them (and Spouse, if applicable) to verify their address.  If a Participant fails to return such a Form, Newcor, Inc. will notify Plaintiffs' Counsel and, if no verification is obtained within thirty days of the Notice to Plaintiffs' Counsel, Newcor, Inc. can suspend coverage for the Participant (and Spouse, if applicable) until verification is received.  Failure of a Participant to attest to the continued eligibility of a Spouse will result only in the suspension of coverage for the Spouse until eligibility for coverage is confirmed.

9.     *Implementation and Continuation of the Settlement Plan*.

9.1     Newcor, Inc. will implement the Settlement Plan effective March 1, 2011.

9.2     From the Reinstatement Date and for the Duration of Coverage set forth in Section 1.8 above, Newcor, Inc. will provide the Settlement Plan for Living Plaintiffs and their Spouses (except George DeGraeve and his Spouse).

10.    *Cost of the Settlement Plan.*

10.1    For the Duration of Coverage set forth in Section 1.8 above, Newcor, Inc. will pay the entire premium cost of the Settlement Plan for all *Audia* Plaintiffs and Spouses.

10.2    For the Duration of Coverage set forth in Section 1.8 above, Newcor, Inc. will pay 75% of the premium cost of the Settlement Plan for *Burcicki* Plaintiff Frank Zaparanuk and his Spouse, and Frank Zaparanuk will pay 25% of the premium cost of the Settlement Plan for himself and his Spouse.

11.    *Insurance Providers and Administrators.*

11.1    Following the Effective Date, Newcor, Inc. and the Retiree Committee will work cooperatively to ensure that the Settlement Plan is administered in a fair, professional and efficient manner in recognition of the legitimate interests of Newcor, Inc. and the Plaintiffs.

11.2    On the Reinstatement Date, the Insurance Provider will be Blue Cross Blue Shield of Michigan.

11.3    If, in the future, Newcor, Inc. desires to change the Insurance Provider or to contract with a third party Administrator to provide a self-insured plan of benefits, Newcor, Inc. will send each of the members of the Retiree Committee a notice of the proposed action and a brief explanation of the reasons for the proposed action.  Upon request, Newcor, Inc. will promptly provide the Retiree Committee with any information reasonably necessary to evaluate the proposed action, including the qualifications of the proposed administrator or provider.  If there is a dispute between Newcor, Inc. and the Retiree Committee regarding a proposed change in any administrator or provider, it shall be resolved in accordance with the provisions of Section 13.  The Retiree Committee will not disapprove of any proposed change in Administrator or Other Service Provider without good reason related to the level or efficient administration of benefits.  If the Retiree

Committee disapproves of a proposed change, it must state its reasons for disapproval with specificity within 30 days of receipt of the notice from Newcor, Inc.. The Retiree Committee will not initiate a dispute under this Section and Section 13 without the prior approval and authorization of Plaintiffs' Counsel and  must be represented in any such dispute by Plaintiffs' Counsel.

11.4     Newcor, Inc. will provide the level of the benefits in the Settlement Plan for the Duration of Coverage provided such level of benefits is available from an Insurance Provider and is permissible under law.  The level of benefits of the Settlement Plan shall not be reduced in any way by as a result of a change of Insurance Provider, a change to a self-insured method of providing those benefits or a change in third party Administrator.  If the level of benefits in the Settlement Plan is not available from an Insurance Provider, Newcor, Inc. will meet with the Retiree Committee to reach an agreement on an alternative method of providing an equal or better benefit package.  If Newcor, Inc. and the Retiree Committee cannot reach such an agreement, the dispute may be submitted to the Magistrate Judge pursuant to Section 13.

11.5     The Retiree Committee shall have no responsibility for or authority over the processing, administration or review of individual claims. These functions shall be the sole responsibility of Newcor, Inc. and the Insurance Providers and/or Administrators in accordance with the Settlement Plan and governing statutes, laws and regulations.


12.     *Communication with Participants.*

12.1     Newcor, Inc. will establish reasonable channels for communication between Participants, on the one hand, and the Insurance Provider and/or Administrator, on the other hand, by providing addresses and toll-free telephone numbers (disclosed on the enrollment materials and any wallet cards that may be made available) for the Insurance Provider and/or Administrator.

13.     *Dispute Resolution by the Magistrate Judge.*

13.1     Any controversy or dispute arising out of or relating to changes in the Insurance Provider or Administrator under Section 11.3, a dispute under Section 11.4 or damage claims under Section 14 can be submitted to the Magistrate Judge.

13.2     Before submitting a dispute to the Magistrate Judge, the aggrieved party shall give the other party written notice of such dispute.  The party receiving such notice shall send the aggrieved party a written response within 21 days after receipt.

13.3     If, after receipt of a written response as described in Section 13.2, the parties are unable to resolve the dispute for a period of time not to exceed 30 days, the aggrieved party may, within 15 days after the 30-day period, send a written demand to the other party that the issue be resolved by the Magistrate Judge pursuant to this Section.  No demand will be allowed after these time limits.

13.4     The Magistrate Judge will not have the authority to modify or amend this Settlement Agreement, but will only have the authority to apply the Settlement Agreement, as written, to particular factual situations.  The Magistrate Judge will consult with the parties and will make a final and binding decision after such formal or informal hearing as the Magistrate Judge deems appropriate.  As long as the Magistrate Judge is arguably acting within the scope of his or her authority under this Section, there will be no appeal from the Magistrate Judge's decision.

14.     *Damages and Damage Claim Procedure.*

14.1     For *Burcicki* Plaintiff Zaparanuk, Newcor, Inc. will pay the full amount of any Claim Amount for expenses he and his Spouse incurred for Medical Insurance Benefits during the period May 1, 2009 through the Reinstatement Date, as a result of the termination of Medical Insurance

17

Benefits by Newcor, Inc. effective on May 1, 2009 less either 1) the amount Mr. Zaparanuk would have paid in premium contributions during that period; or 2) 25% of the gross Claim Amount, whatever reduction results in a higher net Claim Amount.

14.2     For *Burcicki* Plaintiffs Burcicki, Newcor, Inc. will pay the full amount of any Claim Amount for expenses he and his Spouse incurred for Medical Insurance Benefits during the period May 1, 2009 through November 20, 2010, the date of Mr. Burcicki's death,, as a result of the termination of Medical Insurance Benefits by Newcor, Inc. effective on May 1, 2009 less either 1) the amount Mr. Burcicki would have paid in premium contributions during that period; or 2) 25% of the gross Claim Amount, whatever reduction results in a higher net Claim Amount.

14.3     For *Burcicki* Plaintiff DeGraeve, Newcor, Inc. will pay $6,000.00 and up to an additional amount of $6,000.00 of the Claim Amount for expenses he and his Spouse incurred for Medical Insurance Benefits during the period April 1, 2009 through the Reinstatement Date, as a result of the termination of Medical Insurance Benefits by Newcor, Inc. effective on April 1, 2009.

14.4     For the *Audia* Plaintiffs, Newcor, Inc. will pay the full amount of the Claim Amount for expenses they and their Spouses incurred for Medical Insurance Benefits during the period February 1, 2010 through the Reinstatement Date (or the date of death of an *Audia* Plaintiff if earlier), as a result of the changes in Medical Insurance Benefits Newcor, Inc. implemented effective on February 1, 2010.

14.5     Claim Amounts shall not include: (a) any expense attributable to mental or emotional distress; or (b) any expense that would not have been covered by the Medical Insurance Benefits plan in effect immediately prior to respective changes on April 1, 2009 and May 1, 2009 for the *Burcicki* Plaintiffs and February 1, 2010 for the *Audia* Plaintiffs.  Claim Amounts will not include

18

any amounts that a Plaintiff would have been responsible for (for example, co pays or co insurance payments) under the  Medical Insurance Benefits plan in effect prior to the respective changes.

14.6    Within 30 days following the Reinstatement Date, Plaintiffs' Counsel shall mail a Notice of Opportunity to File Damage Claims as approved and ordered by the Court in substantially the form of Exhibit G and a claim form substantially in the form of Exhibit H to all Plaintiffs, their surviving spouses or their legal representatives.  Plaintiffs' Counsel will notify Newcor, Inc. of the date of such mailing.

14.7    For 45 days after mailing of the Notice of Opportunity to File Claims, Plaintiffs or their authorized representatives may submit or have submitted properly documented Claims to Plaintiffs' Counsel.  After the expiration of this 45-day period, Claims from Plaintiffs will no longer be accepted.  A Claim shall be properly documented if a Plaintiff or legal representative submits medical bills or records from an insurance carrier, employer, hospital, physician, pharmacist or other health care provider that show expenses that he or she incurred. General information regarding average claims or premiums paid, statistical analyses or predictions, or similar information shall not be adequate to document a Claim.

14.8    No distribution shall be made for the benefit of any Deceased Plaintiff unless there exists a surviving Spouse at the time that the proposed distribution is determined or unless there is a probate estate or similar evidence that a person has legal authority to act on behalf of the estate of the Deceased Plaintiff.  Neither Plaintiffs' Counsel nor Newcor, Inc. shall have any obligation, other than described herein with respect to mailing of the Notice of Opportunity to File Claims, to seek out, reopen, or encourage the filing of Claims by, the estate of a Deceased Plaintiff.

14.9    Plaintiffs' Counsel shall review all timely Claims and shall determine those Claims that are properly documented and that Plaintiffs' Counsel considers appropriate for payment.

14.10   After Plaintiffs' Counsel has determined the number of Claims and the Claim Amounts counsel believes are properly documented, Plaintiffs' Counsel shall prepare and send to Newcor, Inc. a report describing and documenting the Claim Amounts.  Newcor, Inc. will then have 30 days to review the Claim Amounts and to request and review any additional supporting documents and information from Plaintiffs' Counsel regarding the Claim Amounts.  Prior to the end of the 30-day period, Newcor, Inc. will inform Plaintiffs' Counsel what Claims it agrees are Claim Amounts and any objections it has to any other Claim Amounts.  If Plaintiffs' Counsel and Newcor, Inc. cannot resolve the objections within 30 days thereafter, the disputed claims will be submitted to the Magistrate Judge for resolution.  Following such agreement or resolution of disputes, Plaintiffs' Counsel shall prepare a Final Claims Order setting forth the proposed Claim Amounts, in a form substantially similar to that attached as Exhibit A.

14.11   Prior to seeking Court approval of the Final Claims Order, Plaintiffs' Counsel shall mail to Plaintiffs a Court-approved notice describing the proposed Claim Amounts and establishing a 30-day period for Plaintiffs to file with the Court written objections to their proposed Claim Amount.  If written objections are received, the Court may schedule a hearing at which such objections to the Final Claims Order shall be resolved.  If no such objections are received, the Court shall enter the Final Claims Order.  This notice to Plaintiffs of the proposed Claim Amounts shall be in a form substantially similar to that attached at Exhibit I.

14.12   Upon entry of the Final Claims Order, Plaintiffs' Counsel shall give written notice to Newcor, Inc. of Plaintiffs' Counsel readiness to distribute the Claim Amount checks.  Newcor, Inc. will deliver such checks to Plaintiffs' Counsel within 21 days after receipt of the notice. Newcor, Inc. shall have no responsibility for the administration of the payment of Claim Amounts. Plaintiffs' Counsel shall distribute such checks as provided in the Final Claims Order together with

a letter from Plaintiffs' Counsel in the form of Exhibit J.  After the distribution of all checks, Plaintiffs' Counsel shall prepare and mail a final accounting to Newcor, Inc.

14.13   If, at the end of a 90-day period after the distribution of the Claim Amount checks, there remain checks that are uncashed, the undelivered checks will be returned to Newcor, Inc.  If those checks remain unclaimed for an additional 180 days, the money will revert to Newcor, Inc.

15.   *Costs and Attorney Fees*.

15.1    Within 30 days after the Effective Date, Newcor, Inc. will pay Plaintiffs' Counsel $150,000.00 in full settlement of any claim for attorneys fees and costs incurred through the Effective Date or in connection with the distribution of the Claim Amount Checks; provided, however, that Plaintiffs can seek attorney fees and costs in connection with litigating disputes about Claim Amounts before and after the Effective Date and in seeking to enforce the terms of the Settlement Agreement after the Effective Date.

16.   *Conditions of Settlement*.

16.1    This Settlement Agreement is subject to the following Conditions:

16.1.1  All Plaintiffs execute this Settlement Agreement.

16.1.2  The Court enters the Judgment without material modification.

16.1.3  There is an Effective Date.

16.2    If any of the conditions specified in Section 16.1 above is not fulfilled, this Settlement Agreement shall be terminated unless Newcor, Inc., within 30 days from the date that the failure of a condition becomes known to Newcor, Inc., provides written notice to Plaintiffs' Counsel of its intent to proceed.

17.   *Effect of Disapproval and Termination.*

17.1    In the event this Settlement Agreement is terminated or fails to become effective for any reason, the positions of the parties to this Settlement Agreement shall be deemed to have reverted to what they were as of the date and time immediately prior to the execution of this Settlement Agreement and they shall, except as otherwise expressly provided herein, proceed in all respects as if this Settlement Agreement and related orders had not been executed.  The parties specifically agree that in the event that any subsequent proceedings in the Litigation case are necessary, each of the parties will bear its own costs and expenses (including attorneys and expert fees); *provided*, however, that this is in no way a waiver of any party's rights to receive such fees or costs as part of any ultimate judgment following trial on the merits, if any.  Each party agrees that, in the event that this Settlement Agreement is terminated or fails to become effective, it will not offer or attempt to place in evidence, or otherwise refer to, this Settlement Agreement, the negotiations which led to its signing, or its termination or failure to become effective, in any subsequent proceeding or otherwise.

18.   *Miscellaneous Provisions.*

18.1    The Exhibits hereto are incorporated in this Settlement Agreement as though fully set forth herein, but if there is any conflict between this Settlement Agreement and any Exhibit, this Settlement Agreement controls.  References in this Settlement Agreement to "Sections" and "Exhibits" refer to the Sections and Exhibits of this Settlement Agreement unless otherwise specified.

18.2    This Settlement Agreement may be amended or modified only by a written instrument signed by the Plaintiffs who are then living and Newcor, Inc.

18.3     The waiver by one party of (a) any breach by the other party of, or (b) any other right to enforce or claim or benefit under, this Settlement Agreement shall not be deemed a waiver of any other breach of, or right to enforce or claim or benefit under, this Settlement Agreement.

18.4     This Settlement Agreement constitutes the entire agreement between the parties, and no representations, warranties, or inducements have been made to either party concerning this Settlement Agreement, other than the representations, warranties and covenants contained in this Settlement Agreement.

18.5     Plaintiffs expressly authorize Plaintiffs' Counsel to take all appropriate action required or permitted to be taken by the Plaintiffs pursuant to this Settlement Agreement to effectuate its terms and also expressly authorize Plaintiffs' Counsel to enter into any modifications or amendments to this Settlement Agreement on behalf of them that Plaintiffs' Counsel deems appropriate from the date this Settlement Agreement is signed until the Effective Date and, as to Claim Amounts, until the date the Claim Amount checks are distributed.

18.6     This Settlement Agreement may be executed in two or more counterparts.  All executed counterparts shall be deemed to be one and the same instrument, provided that counsel for the parties to this Settlement Agreement shall exchange among themselves original signed counterparts.

18.7     This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

18.8     Newcor, Inc. represents and warrants that it has full power and authority to execute and deliver this Agreement and to perform its obligations hereunder.

18.9     All terms of this Settlement Agreement and the Exhibits hereto shall be governed and interpreted according to the substantive laws of the State of Michigan except to the extent that federal law preempts application of Michigan law.

18.10   Any notice, request, information or other document to be given under this Settlement Agreement to any of the parties by any other party shall be in writing and delivered personally, sent by UPS, Federal Express or other carrier, transmitted by facsimile, or sent by registered or certified mail, postage prepaid, as follows:

If to the Plaintiffs or Plaintiffs' Counsel, addressed to:

Roger J. McClow, Esq.
Klimist, McKnight, Sale, McClow & Canzano, P.C.
400 Galleria Officentre, Suite 117
Southfield, MI  48034

If to Newcor, Inc., addressed to:
Newcor, Inc.

Mark Nelson, Esq.
Butzel Long
350 S. Main Street, Suite 300
Ann Arbor, MI 48104

in each case with copies to:

Scott Wright
Newcor, Inc.
1771 Harrison Road, Suite 200
Auburn Hills, MI 48236

19.    *Signatures*

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by themselves and their attorneys.

FOR THE PLAINTIFFS:

By: _____
    Klimist, McKnight, Sale,
    McClow & Canzano, P.C.

Dated: _5/2/11_____

_____        Date: _3/18/11_____
Frank Zaparanuk

_____        Date: _____
George DeGraeve

_____        Date: _____
Frank Audia

_____        Date: _____
Allen Baker

_____        Date: _____
Edwin Buczek

_____        Date: _____
Joseph Cristodero

_____        Date: _____
John DiMeglio

_____        Date: _____
Richard Dugas

_____        Date: _____
Thaddeus Lyjak

_____        Date: _____
Warren Priebe

_____        Date: _____
Anthony Santavy

19.   *Signatures*

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by themselves and their attorneys.

FOR THE PLAINTIFFS:

By:_____
   Klimist, McKnight, Sale,
   McClow & Canzano, P.C.

Dated:_____

_____  Date:_____
Frank Zaparanuk

~~H.M. DeGraeve P.O.A.~~  Date:_3 – 14 -11_____
George DeGraeve

_____  Date:_____
Frank Audia

_____  Date:_____
Allen Baker

_____  Date:_____
Edwin Buczek

_____  Date:_____
Joseph Cristodero

_____  Date:_____
John DiMeglio

_____  Date:_____
Richard Dugas

_____  Date:_____
Thaddeus Lyjak

_____  Date:_____
Warren Priebe

_____  Date:_____
Anthony Santavy

19.   *Signatures*

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by themselves and their attorneys.

FOR THE PLAINTIFFS:

By:_____
      Klimist, McKnight, Sale,
      McClow & Canzano, P.C.

Dated:_____

_____     Date:_____
Frank Zaparanuk

_____     Date:_____
George DeGraeve

*Frank Audia*     Date: 3/11/2011
Frank Audia

_____     Date:_____
Allen Baker

_____     Date:_____
Edwin Buczek

_____     Date:_____
Joseph Cristodero

_____     Date:_____
John DiMeglio

_____     Date:_____
Richard Dugas

_____     Date:_____
Thaddeus Lyjak

_____     Date:_____
Warren Priebe

_____     Date:_____
Anthony Santavy

19.   *Signatures*

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by themselves and their attorneys.

FOR THE PLAINTIFFS:

By:_____
        Klimist, McKnight, Sale,
        McClow & Canzano, P.C.

Dated:_____


_____        Date:_____
Frank Zaparanuk

_____        Date:_____
George DeGraeve

_____        Date:_____
Frank Audia

_____        Date:_____
Allen Baker

_____        Date: 8 - 16 - 20 X 8
Edwin Buczek

_____        Date:_____
Joseph Cristodero

_____        Date:_____
John DiMeglio

_____        Date:_____
Richard Dugas

_____        Date:_____
Thaddeus Lyjak

_____        Date:_____
Warren Priebe

_____        Date:_____
Anthony Santavy

25

19.   *Signatures*

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by themselves and their attorneys.

FOR THE PLAINTIFFS:

By:_____
      Klimist, McKnight, Sale,
      McClow & Canzano, P.C.

Dated:_____


_____          Date:_____
Frank Zaparanuk

_____          Date:_____
George DeGraeve

_____          Date:_____
Frank Audia

_____          Date:_____
Allen Baker

_____          Date:_____
Edwin Buczek

_Edwin J. Buczek_                  Date:   _3-11-11_
Joseph Cristodero

_____          Date:_____
John DiMeglio

_____          Date:_____
Richard Dugas

_____          Date:_____
Thaddeus Lyjak

_____          Date:_____
Warren Priebe

_____          Date:_____
Anthony Santavy

19. *Signatures*

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by themselves and their attorneys.

FOR THE PLAINTIFFS:

By:_____
      Klimist, McKnight, Sale,
      McClow & Canzano, P.C.

Dated:_____

_____ Date:_____
Frank Zaparanuk

_____ Date:_____
George DeGraeve

_____ Date:_____
Frank Audia

_____ Date:_____
Allen Baker

_____ Date:_____
Edwin Buczek

*Joseph Cristodero* Date: 3 − 15 − 2011
Joseph Cristodero

_____ Date:_____
John DiMeglio

_____ Date:_____
Richard Dugas

_____ Date:_____
Thaddeus Lyjak

_____ Date:_____
Warren Priebe

_____ Date:_____
Anthony Santavy

19.  *Signatures*

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by themselves and their attorneys.

FOR THE PLAINTIFFS:

By:_____
        Klimist, McKnight, Sale,
        McClow & Canzano, P.C.

Dated:_____

_____        Date:_____
Frank Zaparanuk

_____        Date:_____
George DeGraeve

_____        Date:_____
Frank Audia

_____        Date:_____
Allen Baker

_____        Date:_____
Edwin Buczek

_____        Date:_____
Joseph Cristodero

_____        Date:   3-28-11
John DiMeglio

_____        Date:_____
Richard Dugas

_____        Date:_____
Thaddeus Lyjak

_____        Date:_____
Warren Priebe

_____        Date:_____
Anthony Santavy

19.   *Signatures*

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by themselves and their attorneys.

FOR THE PLAINTIFFS:

By:_____
     Klimist, McKnight, Sale,
     McClow & Canzano, P.C.

Dated:_____

_____     Date:_____
Frank Zaparanuk

_____     Date:_____
George DeGraeve

_____     Date:_____
Frank Audia

_____     Date:_____
Allen Baker

_____     Date:_____
Edwin Buczek

_____     Date:_____
Joseph Cristodero

_____     Date:_____
John DiMeglio

_____     Date:_____
Richard Dugas

_____     Date:_____
Thaddeus Lyjak

_____     Date:_____
Warren Priebe

_____     Date:_____
Anthony Santavy

25

19.   *Signatures*

      IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by themselves and their attorneys.

FOR THE PLAINTIFFS:

By:_____
       Klimist, McKnight, Sale,
       McClow & Canzano, P.C.

Dated:_____

_____     Date:_____
Frank Zaparanuk

_____     Date:_____
George DeGraeve

_____     Date:_____
Frank Audia

_____     Date:_____
Allen Baker

_____     Date:_____
Edwin Buczek

_____     Date:_____
Joseph Cristodero

_____     Date:_____
John DiMeglio

_____     Date:___ η_____
Richard Dugas

*Thadeus Lyjak*     Date:___March 23, 2011_____
Thaddeus Lyjak

_____     Date:_____
Warren Priebe

_____     Date:_____
Anthony Santavy

19.   *Signatures*

      IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by themselves and their attorneys.

FOR THE PLAINTIFFS:

By:_____
       Klimist, McKnight, Sale,
       McClow & Canzano, P.C.

Dated:_____


_____          Date:_____
Frank Zaparanuk

_____          Date:_____
George DeGraeve

_____          Date:_____
Frank Audia

_____          Date:_____
Allen Baker

_____          Date:_____
Edwin Buczek

_____          Date:_____
Joseph Cristodero

_____          Date:_____
John DiMeglio

_____          Date:_____
Richard Dugas

_____          Date:_____
Thaddeus Lyjak

*Warren F. Priebe*          Date: *March 11th 2011*
Warren Priebe

_____          Date:_____
Anthony Santavy

19.  *Signatures*

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by themselves and their attorneys.

**FOR THE PLAINTIFFS:**

By:_____
      Klimist, McKnight, Sale,
      McClow & Canzano, P.C.

Dated:_____


_____     Date:_____
Frank Zaparanuk

_____     Date:_____
George DeGraeve

_____     Date:_____
Frank Audia

_____     Date:_____
Allen Baker

_____     Date:_____
Edwin Buczek

_____     Date:_____
Joseph Cristodero

_____     Date:_____
John DiMeglio

_____     Date:_____
Richard Dugas

_____     Date:_____
Thaddeus Lyjak

_____     Date:_____
Warren Priebe

_Anthony Santavy_     Date:____3-16-11_____
Anthony Santavy

_____      Date: 3 - 14 - 11

**Horst Skibba**

_____      Date: _____

**Clarence Wagner**

FOR NEWCOR, INC.:

By:_____      By: _____

                                              Butzel Long

Its: _____      Its: Attorney

P:\RHC Cases\Wilson Automation\2010 case\Settlement\settlement agreement final draft.wpd

26

_____     Date:_____
Horst Skibba

*Clarence Wagner*     Date:_____
Clarence Wagner

FOR NEWCOR, INC.:

By:_____     By: _____
                                              Butzel Long

Its: _____     Its: Attorney

P:\RHC Cases\Wilson Automation\2010 case\Settlement\settlement agreement final draft.wpd

26

_____    Date:_____
Horst Skibba

_____    Date:_____
Clarence Wagner

FOR NEWCOR, INC.:

By: _____          By: _____
    DAVID A. SEGAL                        Butzel Long

Its: PRESIDENT                        Its: Attorney

P:\RHC Cases\Wilson Automation\2010 case\Settlement\settlement agreement final draft.wpd

26

# EXHIBIT A

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBERT BURCICKI, WILLIAM BURR,
PAUL CZEKIS, GEORGE DEGRAEVE,
FRANK ZAPARANUK, LEONARD KUK,

                                             Hon. Gerald E. Rosen

      Plaintiffs and Counter Defendants,

                                             Case No. 02-70230

v.

NEWCOR, INC., a Delaware corporation,
and NEWCOR M-T-L, INC., a
Michigan corporation,

      Defendants and Counter-Plaintiffs.

_____/

FRANK AUDIA, ALLEN BAKER,
EDWIN BUCZEK, JOSEPH CRISTODERO,
JOHN DIMEGLIO, RICHARD DUGAS,
JESS GILLIAM, THADDEUS LYJAK,                    Hon. Gerald E. Rosen
WARREN PRIEBE, ANTHONY SANTAVY,
HORST SKIBBA and CLARENCE WAGNER,       Case No. 10-10209

      Plaintiffs,

v.

NEWCOR, INC., a Delaware corporation,

      Defendant.

_____/

Roger J. McClow (P27170)                 Mark T. Nelson (P27305)
KLIMIST, McKNIGHT, SALE,             BUTZEL LONG,
  McCLOW & CANZANO, P.C.             a professional corporation
Attorneys for Plaintiffs                    Attorneys for Defendants
400 Galleria Officentre, Suite 117         150 W Jefferson Ave., Suite 100
Southfield, MI  48034                   Detroit, MI 48226
(248) 354-9650    Fax (248) 354-9656    (313) 225-7030 Fax (313) 225-7080
Email: rmcclow@kmsmc.com          Email: nelsonm@butzel.com

**Attorneys for Plaintiffs**               **Attorneys for Defendants**
_____/

**FINAL CLAIMS ORDER**

This matter comes before the Court on the Stipulation of the parties for entry of a Final Claims Order pursuant to the Settlement Agreement between the Plaintiffs and Newcor, Inc. The Court has reviewed the Stipulation of the parties for the entry of this Order and is otherwise fully informed.

1.      On [insert date], this Court entered a Judgment approving the Settlement Agreement reached by the parties. The Settlement Agreement provides, *inter alia*, that Newcor, Inc. will pay the Plaintiffs certain Claim Amounts calculated pursuant to Section 14 of the Settlement Agreement.

2.      On [insert date], a Court-approved Notice of Opportunity to File Claims and Distribution Procedure was mailed to Plaintiffs informing them that they had until [insert date] to file Claims.

3.      During the 45-day period after the mailing of the Notice of Opportunity to File Claims, Plaintiffs or their authorized representatives submitted documented claims to Plaintiffs' Counsel. After the expiration of this 45-day period, claims were no longer accepted and, pursuant to the Settlement Agreement, any further claims were barred.

4.      After the deadline passed for the filing of claims, and pursuant to the Settlement Agreement, Plaintiffs' Counsel reviewed the Claim Forms which had been submitted, determined which claims he believed were authorized and in what amounts, and, on [insert date], submitted a report to Newcor, Inc. indicating the Claim Amounts proposed by Plaintiffs' Counsel.

5.      Newcor, Inc. reviewed the report submitted by Plaintiffs' Counsel regarding the claims. Newcor, Inc. and Plaintiffs' Counsel agreed to the Claim Amounts.

6.      After the Claim Amounts were agreed to by the parties, Plaintiffs' Counsel mailed to Plaintiffs the Notice of Proposed Distribution describing the Claim Amounts, describing the proposed distribution and establishing a 30-day period for Plaintiffs to file written objections to the proposed Claim Amounts.

7.      [tailored to the facts] The Court received [insert number] objections to the proposed distribution. [insert description of objections and their resolution]

8.      After reviewing the submissions of the parties, and based on its findings noted above, the Court is satisfied that the Claim Amounts set forth in the attached Claim Amounts Schedule have been calculated properly under the terms of the Settlement Agreement.

IT IS THEREFORE ORDERED that the Claim Amounts set forth in the Claim Amounts Schedule attached to this Order be and hereby are approved.

IT IS FURTHER ORDERED THAT Newcor, Inc. shall deliver Claim Amount checks in the names and amounts shown on the Claim Amounts Schedule to Plaintiffs' Counsel within 28 of the date of this Order.

IT IS FURTHER ORDERED THAT Plaintiffs' Counsel shall mail the Claim Amount check to the last known address of Plaintiffs within 7 days of receipt of the checks from Newcor, Inc.


Dated:[insert date]                    _____
                                       Gerald E. Rosen
                                       United States District Judge



P:\RHC Cases\Wilson Automation\2010 case\Settlement\Ex A Final Claims Order final.wpd

# EXHIBIT B

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBERT BURCICKI, WILLIAM BURR,
PAUL CZEKIS, GEORGE DEGRAEVE,
FRANK ZAPARANUK, LEONARD KUK,

Hon. Gerald E. Rosen

    Plaintiffs and Counter Defendants,

Case No. 02-70230

v.

NEWCOR, INC., a Delaware corporation,
and NEWCOR M-T-L, INC., a
Michigan corporation,

    Defendants and Counter-Plaintiffs.

_____/

FRANK AUDIA, ALLEN BAKER,
EDWIN BUCZEK, JOSEPH CRISTODERO,
JOHN DIMEGLIO, RICHARD DUGAS,
JESS GILLIAM, THADDEUS LYJAK,          Hon. Gerald E. Rosen
WARREN PRIEBE, ANTHONY SANTAVY,
HORST SKIBBA and CLARENCE WAGNER,          Case No. 10-10209

    Plaintiffs,

v.

NEWCOR, INC., a Delaware corporation,

    Defendant.

_____/

Roger J. McClow (P27170)                    Mark T. Nelson (P27305)
KLIMIST, McKNIGHT, SALE,                    BUTZEL LONG,
  McCLOW & CANZANO, P.C.                     a professional corporation
Attorneys for Plaintiffs                    Attorneys for Defendants
400 Galleria Officentre, Suite 117          150 W Jefferson Ave., Suite 100
Southfield, MI  48034                       Detroit, MI 48226
(248) 354-9650    Fax (248) 354-9656        (313) 225-7030 Fax (313) 225-7080
Email: rmcclow@kmsmc.com                    Email: nelsonm@butzel.com

**Attorneys for Plaintiffs**                    **Attorneys for Defendants**

_____/

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

This matter comes before the Court for approval of the Settlement Agreement dated [insert date]. Newcor, Inc., the *Burcicki* Plantiffs and the *Audia* Plaintiffs, as those terms are defined in the Settlement Agreement, have asked this Court to approve the Settlement Agreement and to retain jurisdiction to administer and enforce the terms of the Settlement Agreement. The Court, having considered the Settlement Agreement and its Exhibits, all papers filed and proceedings had herein and otherwise being fully advised of the premises, and good cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.      This Court has jurisdiction over the subject matter of this litigation and over all parties to the Settlement Agreement, Newcor, Inc., the *Burcicki* Plantiffs and the *Audia* Plaintiffs.

2.      This Court approves the terms of the settlement set forth in the Settlement Agreement and orders Newcor, Inc. to comply with the terms of the Settlement Agreement.

3.      This Court hereby dismisses, with prejudice, each and every claim and each and every counterclaim in the above captioned cases relating to Medical Insurance Benefits, as that term is defined in the Settlement Agreement, which does not arise out of the Settlement Agreement.

4.      The Newcor Parties are released and forever discharged from any and all rights, claims or causes of action, whether known or unknown, which any *Burcicki* Plaintiff and any *Audia* Plaintiff, or anyone claiming on behalf of any *Burcicki* Plaintiff or any *Audia* Plaintiff, has or may have against any of the Newcor Parties, with respect to Medical Insurance Benefits or the changing of Medical Insurance Benefits, that were or could have been asserted by the *Burcicki* Plaintiffs or the *Audia* Plaintiffs.

5.      All *Burcicki* Plaintiffs or all *Audia* Plaintiffs are released and forever discharged from any and all rights, claims, counterclaims or causes of action, whether known or unknown, which the Newcor Parties have or may have against any of the *Burcicki* Plaintiffs or *Audia* Plaintiffs with

2

respect to the payment of Medical Insurance Benefits, that were or could have been asserted by the Newcor Parties.  The Newcor Parties and anyone claiming on behalf of a Newcor Party, are forever barred from instituting or prosecuting, either directly or indirectly, any such claims or causes of action against any of the Plaintiffs.

6.      Neither the entry into the Settlement Agreement nor the consent to this Judgment is, or may be construed as, an admission by or against the Newcor Parties, the *Burcicki* Plaintiffs or the *Audia* Plaintiffs of any wrongdoing or liability.  The Settlement Agreement, this Judgment and any documents related to any of the foregoing shall not be introduced in evidence in any proceeding against the Newcor Parties, the *Burcicki* Plaintiffs or the *Audia* Plaintiffs in any Court or agency or other tribunal for any purpose except to enforce the terms of the Settlement Agreement or this Judgment.

7.      Within 30 days of the Effective Date of this Final Judgment, as that term is defined in the Settlement Agreement, Plaintiffs' Counsel shall send each *Burcicki* Plaintiff and each *Audia* Plaintiff  a Notice of Opportunity to File Damage Claim in the form of Exhibit G and a Claim Form in the form of Exhibit H to the Settlement Agreement.

8.      Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over all parties hereto for the purposes of enforcing and administering the Settlement Agreement.


Dated: [insert date]                                     _____
                                                                        Hon. Gerald E. Rosen
                                                                        United States District Judge

# EXHIBIT C

Exhibit C - Living Plaintiffs                                                                2/9/2011

| Last | First | MI | Status | Spouse | Case |
|------|-------|----|--------|--------|------|
| Audia | Frank | S. | R | Madelene | Audia |
| Baker | Allen | | RNS | DC | Audia |
| Buczek | Edwin | | R | Celia | Audia |
| Cristodero | Joseph | | R | Lena | Audia |
| DeGraeve | George | | R | Marcella | Burcicki |
| DiMeglio | John | M. | R | Shirley | Audia |
| Dugas | Richard | | R | Margarite | Audia |
| Lyjak | Thaddeus | | RNS | | Audia |
| Priebe | Warren | F. | R | Dolores | Audia |
| Santavy | Anthony | J. | R | Patricia | Audia |
| Skibba | Horst | E. | R | Adele | Audia |
| Wagner | Clarence | | RNS | DC | Audia |
| Zaparanuk | Frank | | R | Sylvia | Burcicki |

# EXHIBIT D

Exhibit D

Blue Cross
Blue Shield
of Michigan

A nonprofit corporation and an independent licensee of the Blue Cross and Blue Shield Association

# Blue Managed Traditional
# Comprehensive Major Medical Plan
# Benefits-at-a-Glance

| Preventive Services | |
|---|---|
| Health Maintenance Exam | Not covered |
| Annual Gynecological Exam | Not covered |
| Pap Smear Screening – laboratory services only | Covered – 80% after deductible, one every 12 months (from date of any previous pap smear) |
| Well-Baby and Child Care | Not covered |
| Immunizations | Not covered |
| Proctoscopic Exam | Not covered |
| Prostate Specific Antigen (PSA) Screening | Not covered |
| **Mammography** | |
| Mammography Screening | Covered – 80% after deductible, one baseline for ages 35-40, one annually at age 40 and older |
| **Physician Office Services** | |
| Office Visits | Covered – 80% after deductible |
| Outpatient and Home Visits | Covered – 80% after deductible |
| Office Consultations | Covered – 80% after deductible |
| Urgent Care Visits | Covered – 80% after deductible |
| **Emergency Medical Care** | |
| Hospital Emergency Room | Covered – 80% after deductible |
| Ambulance Services – medically necessary | Covered – 80% after deductible |
| **Diagnostic Services** | |
| Laboratory and Pathology Tests | Covered – 80% after deductible |
| Diagnostic Tests and X-rays | Covered – 80% after deductible |
| Radiation Therapy | Covered – 80% after deductible |
| **Maternity Services Provided by a Physician** | |
| Pre-Natal and Post-Natal Care | Covered – 80% after deductible, includes care provided by a certified nurse midwife |
| Delivery and Nursery Care | Covered – 80% after deductible, includes delivery provided by a certified nurse midwife |
| **Hospital Care** | |
| Semi-Private Room, Inpatient Physician Care, General Nursing Care, Hospital Services and Supplies Note: Nonemergency services must be rendered in a participating hospital | Covered – 80% after deductible, unlimited days |
| Inpatient Consultations | Covered – 80% after deductible |
| Chemotherapy | Covered – 80% after deductible |
| **Alternatives to Hospital Care** | |
| Skilled Nursing Care | Not covered |
| Hospice Care | Covered – 100%, limited to lifetime dollar maximum which is adjusted periodically |
| Home Health Care | Covered – 80% after deductible, unlimited visits |
| **Surgical Services** | |
| Surgery – includes related surgical services | Covered – 80% after deductible |
| Voluntary Sterilization | Covered – 80% after deductible |
| **Human Organ Transplants** | |
| Specified Organ Transplants – in designated facilities only, when coordinated through the BCBSM Human Organ Transplant Program (1-800-242-3504) | Covered – 100%, up to $1 million maximum per transplant type |
| Bone Marrow – when coordinated through the BCBSM Human Organ Transplant Program (1-800-242-3504); specific criteria applies | Covered – 80% after deductible |
| Kidney, Cornea and Skin | Covered – 80% after deductible |

## Mental Health Care and Substance Abuse Treatment

| | |
|---|---|
| Inpatient Mental Health Care | Covered – 50% after deductible |
| Inpatient Substance Abuse Treatment | Covered – 50% after deductible, up to $15,000 annual, $30,000 lifetime maximum |
| Outpatient Mental Health Care | Covered – 50% after deductible |
| Outpatient Substance Abuse Treatment – in approved facilities only | Covered – 50% after deductible, up to the state-dollar amount which is adjusted annually |

### Other Services

| | |
|---|---|
| Outpatient Diabetes Management Program (ODMP) | Covered – 80% after deductible |
| Allergy Testing and Therapy | Covered – 80% after deductible |
| Chiropractic Spinal Manipulation | Covered – 80% after deductible, up to 38 medically necessary visits per calendar year |
| Outpatient Physical, Speech and Occupational Therapy | Covered – 80% after deductible, unlimited treatment |
| Durable Medical Equipment | Covered – 80% after deductible |
| Prosthetic and Orthotic Appliances | Covered – 80% after deductible |
| Private Duty Nursing | Covered – 50% after deductible |
| Prescription Drugs | Retail and Mail Order<br>$10 Copay – Generic<br>$20 Copay – Brand Name |

### Deductible, Copays and Dollar Maximums

Note: If you receive care from a nonparticipating provider, even when referred, you may be billed for the difference between our approved amount and the provider's charge.

| | |
|---|---|
| Deductible | $100 per member, $200 family per calendar year |
| Copays | 20% for general services and 50% for mental health care, substance abuse treatment and private duty nursing |
| Copay Dollar Maximums – excludes mental health care, substance abuse treatment and private duty nursing copays | $500 per member, $1,000 contract per calendar year |
| Dollar Maximums | $1 million lifetime per covered specified human organ transplant type and a separate $5 million lifetime per member for all other covered services and as noted above for individual services |

### Additional Riders Included

| | |
|---|---|
| Rider MMC-LCP 500, Limit on Coinsurance | Decreases copay stop-loss for all services (excluding mental health care and private duty nursing copays) from $1,000 per contract to $500 per member, $1,000 per contract per calendar year. |

### Medicare Complementary Coverage

| | |
|---|---|
| Blue Shield Complementary Option 1 | Works with group health care programs to supplement Medicare Part B (professional) benefits. Covers the Medicare Part B deductible, 20% coinsurance for general services, and 50% coinsurance for outpatient mental health care. |
| Blue Cross Complementary Group Benefit Certificate | Works with group health care plans to supplement Medicare Part A (facility) benefits. Covers specific Medicare deductible and coinsurance amounts and increases the 90 inpatient general care days allowed by Medicare to 365 days. |
| Master Medical 65 Certificate (MM65) | Provides additional benefits for services not covered under the basic Supplemental plan. Benefits are subject to a $100 per member deductible each calendar year. Members are also responsible for a 20% copay for general medical services and a 50% copay for private duty nursing. Additional Benefits are limited to $2,500 per member per calendar year up to a lifetime maximum of $5,000. |

This is intended as an easy-to-read summary. It is not a contract. Additional limitations and exclusions may apply to covered services. For an official description of benefits, please see the applicable Blue Cross Blue Shield of Michigan certificate and riders. Payment amounts are based on the Blue Cross Blue Shield of Michigan approved amount, less any applicable deductible and/or copay amounts required by the plan. This coverage is provided pursuant to a contract entered into in the state of Michigan and shall be construed under the jurisdiction and according to the laws of the state of Michigan.

# EXHIBIT E

Exhibit E - Spouses Eligible to Be Participants

| Last | Spouse | MI | First | Case |
|------|--------|----|-------|------|
| Audia | Madelene | S. | Frank | Audia |
| Buczek | Celia | | Edwin | Audia |
| Cristodero | Lena | | Joseph | Audia |
| DiMeglio | Shirley | M. | John | Audia |
| Dugas | Margarite | | Richard | Audia |
| Priebe | Dolores | F. | Warren | Audia |
| Santavy | Patricia | J. | Anthony | Audia |
| Skibba | Adele | E. | Horst | Audia |
| Zaparanuk | Sylvia | | Frank | Burcicki |

# EXHIBIT F

Exhibit F

# SETTLEMENT TERM SHEET

### *Audia v. Newcor, Inc.*
### *Burcicki v. Newcor, Inc.*

1.     Newcor, Inc. agrees to provide medical insurance benefits (hospital, surgical, medical, prescription drug) ("Settlement Plan") at levels set forth in the Blue Managed Traditional Comprehensive Major Medical Plan, including the Medicare Complementary Coverage, for the life of the Plaintiffs (and for Plaintiffs' spouses while the Plaintiff is living). The obligation will be included in an enforceable court order. Exhibit A is a summary of the Blue Managed Traditional Comprehensive Major Medical Plan with the premium rates for 2011. Exhibit B is a list of Plaintiffs covered by this Settlement Agreement.

2.     Newcor will pay the full premium cost of the Settlement Plan for all Plaintiffs except for Frank Zaparnuk who will pay 25% of the cost of the monthly premium cost of the Settlement Plan and George DeGraeve who will not be entitled to medical insurance in the future.

3.     Newcor can change insurance carriers or provide self-insured benefits through a third party administrator but, in doing so, Newcor cannot reduce the level of the benefits of the Settlement Plan in any manner. Any disputes about changes in plan administrators or benefit levels can be submitted by a Retiree Committee of three Plaintiffs to a magistrate judge.

4.     Newcor can send Plaintiffs a Form asking Plaintiffs (and spouse, if applicable) to verify their addres, but not more than once every year. If a Plaintiff fails to return such a Form, Newcor will notify Plaintiffs' counsel and, if no verification is obtained within thirty days of the Notice, Newcor can suspend coverage for the retiree (and spouse, if applicable) until verification is received. Failure of a Plaintiff to attest to the eligibility of the spouse will result only in the suspension of coverage for the spouse until eligibility for coverage is confirmed.

5.     The district court will retain jurisdiction to enforce the Settlement Agreement as long as there is a Settlement Plan.

6.     Newcor will pay as damages 100% of premiums paid and health care expenses incurred as a result of the changes Newcor implemented for Wilson Automation Plaintiffs on February 1, 2010 and as a result of the termination of coverage for Newcor Machine Tool Plaintiffs Robert Burcicki and Zaparanuk on May 1, 2009. Damages will accrue through the date the Settlement Plan becomes effective. Damages will be determined through a claims procedure agreed upon by the parties. If necessary, the magistrate judge will resolve disputes about the amount of damages. Damages for Burcicki and any other Plaintiff who dies prior to payment leaving a surviving spouse will be paid to the Plaintiff's spouse upon the signing of a Release. Damages for Jess Gilliam and any Plaintiff who dies without a spouse will be paid to the Plaintiffs' Estate; pursuant to a living trust or pursuant to any other authorized probate process.

7.     Plaintiffs will waive any claim to prejudgment interest.

8.     The parties will discuss and resolve other miscellaneous details during drafting of final Settlement Agreement. Upon execution of the Term Sheet, Plaintiffs' counsel will prepare a draft of a Settlement Agreement.

9.     Settlement is contingent upon the agreement of all Plaintiffs to settle on the terms set forth in this Term Sheet.

10.    In full settlement of his claim, Newcor will pay Plaintiff DeGraeve $6,000.00 in cash plus up to an additional $6,000.00 in reimbursement for medical premiums, medical expenses and prescription drug expenses incurred as a result of the termination of his coverage on April 1, 2009.

11.    Newcor will pay Plaintiffs' counsel $150,000.00 in full settlement of any claim for attorneys fees and costs for time spent to through the date the Settlement Agreement is executed and damages paid to Plaintiffs. Plaintiffs' counsel will not be entitled to seek attorney fees and costs for work done in the future relating to drafting and negotiating the terms of the Settlement Agreement or in other tasks related to the implementation or administration of the Settlement Agreement, including calculation of the Plaintiffs' damages; provided, however, that Plaintiffs can seek attorney fees and costs in connection with litigating disputes about damages and in seeking to enforce the terms of the Settlement Agreement in the future.

12.    Newcor will be released of any obligation to any Plaintiff (or dependent or survivor of a Plaintiff) as to health care benefit claims except the obligations to comply with the Settlement Agreement.

13.    The pending appeals will be dismissed as moot. Plaintiffs will petition the Court of Appeals and/or district court to vacate the district court's decisions of March 23, 2010 in *Burcicki* and July 23, 2010 in *Audia* as moot. Newcor will concur in the petition(s) that the district court decisions should be vacated as moot.

14.    Counsel for the parties will recommend the settlement to their clients. Final agreement is subject to their clients' approval and agreement on the language of the final Settlement Agreement.

15.     On January 11, 2011, the parties will confirm before the Arbitrator that the terms of the Settlement Agreement are as set forth above.

Plaintiffs                                                    Newcor, Inc.

___/s/ Roger J. McClow___                    ___/s/ David A. Segal_____
By: Roger J. McClow                              By: David A. Segal
Their Attorney                                        Its: President

**Dated:  January 8, 2011**

P:\RHC Cases\Wilson Automation\2010 case\Settlement\term sheet 110108 final clean.wpd

# Off-The-Shelf Cluster Program
# (Group #08467-001)

The rates for the attached coverage for the 2011 plan year are:

| | | | |
|---|---|---|---|
| Medicare | Single | $ | 440.80/month |
| | Two-person | | 881.59/month |
| Non-Medicare | Single | $ | 477.13/month |
| | Two-person | | 1,145.10/month |
| | Family | | 1,431.36/month |

One Medicare plus One Non Medicare:          $917.91/month

MN/lsb
Opeiu494aflcio
MNaess/docs/mnsb 12-15-10.doc

Fax from  : 313 926 5750



Blue Cross
Blue Shield
of Michigan

A nonprofit corporation and an independent licensee of the Blue Cross and Blue Shield Association

# Blue Managed Traditional
# Comprehensive Major Medical Plan
# Benefits-at-a-Glance

**Preventive Services**

| | |
|---|---|
| Health Maintenance Exam | Not covered |
| Annual Gynecological Exam | Not covered |
| Pap Smear Screening – laboratory services only | Covered – 80% after deductible, one every 12 months (from date of any previous pap smear) |
| Well-Baby and Child Care | Not covered |
| Immunizations | Not covered |
| Proctoscopic Exam | Not covered |
| Prostate Specific Antigen (PSA) Screening | Not covered |

**Mammography**

| | |
|---|---|
| Mammography Screening | Covered – 80% after deductible, one baseline for ages 35-40, one annually at age 40 and older |

**Physician Office Services**

| | |
|---|---|
| Office Visits | Covered – 80% after deductible |
| Outpatient and Home Visits | Covered – 80% after deductible |
| Office Consultations | Covered – 80% after deductible |
| Urgent Care Visits | Covered – 80% after deductible |

**Emergency Medical Care**

| | |
|---|---|
| Hospital Emergency Room | Covered – 80% after deductible |
| Ambulance Services – medically necessary | Covered – 80% after deductible |

**Diagnostic Services**

| | |
|---|---|
| Laboratory and Pathology Tests | Covered – 80% after deductible |
| Diagnostic Tests and X-rays | Covered – 80% after deductible |
| Radiation Therapy | Covered – 80% after deductible |

**Maternity Services Provided by a Physician**

| | |
|---|---|
| Pre-Natal and Post-Natal Care | Covered – 80% after deductible, includes care provided by a certified nurse midwife |
| Delivery and Nursery Care | Covered – 80% after deductible, includes delivery provided by a certified nurse midwife |

**Hospital Care**

| | |
|---|---|
| Semi-Private Room, Inpatient Physician Care, General Nursing Care, Hospital Services and Supplies Note: *Nonemergency services* must be rendered in a participating hospital | Covered – 80% after deductible, unlimited days |
| Inpatient Consultations | Covered – 80% after deductible |
| Chemotherapy | Covered – 80% after deductible |

**Alternatives to Hospital Care**

| | |
|---|---|
| Skilled Nursing Care | Not covered |
| Hospice Care | Covered – 100%, limited to lifetime dollar maximum which is adjusted periodically |
| Home Health Care | Covered – 80% after deductible, unlimited visits |

**Surgical Services**

| | |
|---|---|
| Surgery – includes related surgical services | Covered – 80% after deductible |
| Voluntary Sterilization | Covered – 80% after deductible |

**Human Organ Transplants**

| | |
|---|---|
| Specified Organ Transplants – in designated facilities only, when coordinated through the BCBSM Human Organ Transplant Program (1-800-242-3504) | Covered – 100%, up to $1 million maximum per transplant type |
| Bone Marrow – when coordinated through the BCBSM *Human Organ Transplant Program* (1-800-242-3504); specific criteria applies | Covered – 80% after deductible |
| Kidney, Cornea and Skin | Covered – 80% after deductible |

### Mental Health Care and Substance Abuse Treatment

| | |
|---|---|
| Inpatient Mental Health Care | Covered – 50% after deductible |
| Inpatient Substance Abuse Treatment | Covered – 50% after deductible, up to $15,000 annual, $30,000 lifetime maximum |
| Outpatient Mental Health Care | Covered – 50% after deductible |
| Outpatient Substance Abuse Treatment – in approved facilities only | Covered – 50% after deductible, up to the state-dollar amount which is adjusted annually |

### Other Services

| | |
|---|---|
| Outpatient Diabetes Management Program (ODMP) | Covered – 80% after deductible |
| Allergy Testing and Therapy | Covered – 80% after deductible |
| Chiropractic Spinal Manipulation | Covered – 80% after deductible, up to 38 medically necessary visits per calendar year |
| Outpatient Physical, Speech and Occupational Therapy | Covered – 80% after deductible, unlimited treatment |
| Durable Medical Equipment | Covered – 80% after deductible |
| Prosthetic and Orthotic Appliances | Covered – 80% after deductible |
| Private Duty Nursing | Covered – 50% after deductible |
| Prescription Drugs | Retail and Mail Order<br>$10 Copay – Generic<br>$20 Copay – Brand Name |

### Deductible, Copays and Dollar Maximums

Note: If you receive care from a nonparticipating provider, even when referred, you may be billed for the difference between our approved amount and the provider's charge.

| | |
|---|---|
| Deductible | $100 per member, $200 family per calendar year |
| Copays | 20% for general services and 50% for mental health care, substance abuse treatment and private duty nursing |
| Copay Dollar Maximums – excludes mental health care, substance abuse treatment and private duty nursing copays | $500 per member, $1,000 contract per calendar year |
| Dollar Maximums | $1 million lifetime per covered specified human organ transplant type and a separate $5 million lifetime per member for all other covered services and as noted above for individual services |

### Additional Riders Included

| | |
|---|---|
| Rider MMC-LCP 500,<br>Limit on Coinsurance | Decreases copay stop-loss for all services (excluding mental health care and private duty nursing copays) from $1,000 per contract to $500 per member, $1,000 per contract per calendar year. |

### Medicare Complementary Coverage

| | |
|---|---|
| Blue Shield Complementary<br>Option 1 | Works with group health care programs to supplement Medicare Part B (professional) benefits. Covers the Medicare Part B deductible, 20% coinsurance for general services, and 50% coinsurance for outpatient mental health care. |
| Blue Cross Complementary<br>Group Benefit Certificate | Works with group health care plans to supplement Medicare Part A (facility) benefits. Covers specific Medicare deductible and coinsurance amounts and increases the 90 inpatient general care days allowed by Medicare to 365 days. |
| Master Medical 65 Certificate (MM65) | Provides additional benefits for services not covered under the basic Supplemental plan. Benefits are subject to a $100 per member deductible each calendar year. Members are also responsible for a 20% copay for general medical services and a 50% copay for private duty nursing. Additional Benefits are limited to $2,500 per member per calendar year up to a lifetime maximum of $5,000. |

This is intended as an easy-to-read summary. It is not a contract. Additional limitations and exclusions may apply to covered services. For an official description of benefits, please see the applicable Blue Cross Blue Shield of Michigan certificate and riders. Payment amounts are based on the Blue Cross Blue Shield of Michigan approved amount, less any applicable deductible and/or copay amounts required by the plan. This coverage is provided pursuant to a contract entered into in the state of Michigan and shall be construed under the jurisdiction and according to the laws of the state of Michigan.

Plaintiffs                                                          1/14/2011

| Last | First | MI | Status | Spouse |
|------|-------|----|----|--------|
| Audia | Frank | S. | R | Madelene |
| Baker | Allen | | RNS | DC |
| Buczek | Edwin | | R | Celia |
| Burcicki | Robert | | DR | Marion |
| Cristodero | Joseph | | R | Lena |
| DeGraeve | George | | R | Marcella |
| DiMeglio | John | M. | R | Shirley |
| Dugas | Richard | | R | Margarite |
| Gilliam | Jess | | DRNS | DV |
| Lyjak | Thaddeus | | RNS | |
| Priebe | Warren | F. | R | Dolores |
| Santavy | Anthony | J. | R | Patricia |
| Siracusa | Matteo | | RNS | DC |
| Skibba | Horst | E. | R | Adele |
| Wagner | Clarence | | RNS | DC |
| Zaparanuk | Frank | | R | Sylvia |

# EXHIBIT G

**EXHIBIT G**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN

*Burcicki, et al v. Newcor, Inc. (Newcor Machine Tool)*   Case No. 02-70230
*Audia, et al v. Newcor, Inc. (Wilson Automation)*   Case No. 10-10209

### <u>NOTICE OF OPPORTUNITY TO FILE DAMAGE CLAIM</u>

To:   Certain retired bargaining unit employees of Newcor, Inc.'s Newcor Machine Tool and Wilson Automation Plants

**I.    STATUS OF PROCEEDINGS**

On [insert date], Newcor, Inc. and the Plaintiffs, as that term is defined in the Settlement Agreement, entered into a Settlement Agreement that provided that Newcor, Inc. would pay damage Claim Amounts pursuant to a Damage Claim Procedure.  On [insert date], a Final Judgment approving and incorporating the Settlement Agreement was entered by the Court..

Under the Settlement Agreement, Newcor, Inc. will pay *Audia* Plaintiffs a Claims Amount equal to 100% of properly documented health care expenses, prescription drug expenses and health care premiums they and their Spouses incurred between February 1, 2010 through March 1, 2011 (or the date of death of an *Audia* Plaintiff if earlier) as a result of the modification of Medical Insurance Benefits by Newcor, Inc. on February 1, 2010.

Newcor, Inc. will pay *Burcicki* Plaintiff Robert Burcicki the full amount of any Claim Amount for expenses he and his Spouse incurred for Medical Insurance Benefits during the period May 1, 2009 through November 20, 2010, the date of Mr. Burcicki's death, as a result of the termination of Medical Insurance Benefits  by Newcor, Inc. on May 1, 2009 less either 1) the amount Mr. Burcicki would have paid in premium contributions during that period; or 2) 25% of the gross Claim Amount, whatever reduction results in a higher net Claim Amount.

Newcor, Inc. will pay *Burcicki* Plaintiff Frank Zaparanuk the full amount of any Claim Amount for expenses he and his Spouse incurred for Medical Insurance Benefits during the period May 1, 2009 through the Reinstatement Date, as a result of the termination of Medical Insurance Benefits by Newcor, Inc. on May 1, 2009 less either 1) the amount Mr. Zaparanuk would have paid in premium contributions during that period; or 2) 25% of the gross Claim Amount, whatever reduction results in a higher net Claim Amount..

Newcor, Inc. will pay *Burcicki* Plaintiff George DeGraeve a Claim Amount of $6,000.00 plus up to an additional Claim Amount of up to $6,000.00 for properly documented health care expenses, prescription drug expenses and health care premiums he and his Spouse incurred between April 1, 2009, the date Newcor, Inc. terminated his Medical Insurance Benefits, and March 1, 2011 (for a maximum of $12,000.00 in total payments).

The Claim Amounts will be distributed to the Plaintiffs as soon as feasible after the necessary information has been obtained from Plaintiffs through the filing of Claim Forms, after Plaintiffs' Counsel and Newcor, Inc. have reviewed the Claim Forms and supporting documentation and after appropriate orders are issued by the Court.  Barring unforeseen difficulties, distribution should occur in six to eight months.

The purpose of this Notice is to advise *Audia* Plaintiffs and *Burcicki* Plaintiffs of the procedure by which the Claim Amounts will be determined and distributed and to inform them of the information that will be required from them to support a Claim Form.  The Settlement Agreement -- and not this Notice -- is the official legal document governing this distribution procedure and will control in the event of any inconsistency.

## II.    ELIGIBILITY FOR PAYMENT OF CLAIM AMOUNT

As set forth above, Newcor, Inc. will pay Plaintiffs a damage Claim Amount for properly documented claims for medical and prescription drug expenses and health care premiums that they

2

incurred because Newcor, Inc. modified or terminated Medical Insurance Benefits through the date the benefits were reinstated on March 1, 2011..  Plaintiffs are not eligible to recover expenses attributable to such things as pain and suffering or mental distress.  Plaintiffs are entitled to a Claim Amount only for those expenses that would have been paid by the Medical Insurance Benefit Plan in effect prior to the modification/termination of benefits.

A Spouse of a Deceased Plaintiff can file a Claim Form on behalf of the Deceased Plaintiff. The heirs of Deceased Plaintiffs without a Surviving Spouse can file a Claim Form on behalf of the Deceased Plaintiff providing that the person submitting the Claim Form demonstrates legally sufficient authority to act on behalf of the Deceased Plaintiff.

## III.    DEADLINE FOR FILING CLAIM FORMS; DOCUMENTATION

### A.    DEADLINE FOR FILING CLAIM FORMS

Claim Forms must be mailed by first class mail, postage prepaid, and  postmarked on or before [insert date], to:

> Roger J. McClow, Plaintiffs' Counsel
> Klimist, McKnight, Sale, McClow & Canzano, P.C.
> 400 Galleria Officentre, Suite 117
> Southfield, MI  48034

No Claim Forms filed after the deadline will be accepted.

### B.    PROPER DOCUMENTATION FOR CLAIM FORMS

A Plaintiff must provide proper documentation showing the amount the Plaintiff and Spouse paid or incurred in health care expenses, prescription drug expenses and health care premiums.  If a Plaintiff does not provide sufficient documentation for all expenses, the Claim Amount will be limited to the amount of properly documented expenses.   Proper documentation means documentation showing dates of treatment; name of doctor, hospital, pharmacist or other health care provider; services provided or drugs purchased, amount charged, amount paid and amount (if any)

still owed.  Documentation can include such things as receipts for health care expenses, statements from health care providers, Explanation of Benefit forms, prescription drug receipts, pharmacy printouts, cancelled checks, statements from employers showing payroll deductions for insurance premiums, or premium statements from insurance companies or employers.

## IV.     CLAIM AMOUNT DETERMINATION AND PAYMENT PROCEDURE

After Plaintiffs' Counsel has determined which claims are properly documented and has determined the Claim Amount for each Plaintiff, he will submit a report to Newcor, Inc.  Newcor, Inc. will then have 30 days to review the proposed Claim Amounts.  Any disputes between Plaintiffs' Counsel and Newcor, Inc. will be submitted to the Magistrate Judge for resolution. Following agreement of Plaintiffs' Counsel and Newcor, Inc. or resolution of disputes by the Magistrate Judge, Plaintiffs' Counsel will prepare a proposed Final Claims Order reflecting the agreement of the parties and/or the resolution of disputed claims and setting forth the proposed Claim Amounts.

Prior to seeking Court approval of the Final Claims Order, Plaintiffs' Counsel will mail to Plaintiffs a Court-Approved Notice describing the proposed distribution and establishing a 30-day period for Plaintiffs to file written objections to the proposed Claim Amounts.  If written objections are received, the Court may schedule a hearing at which objections to the Final Claims Order will be resolved.  If no objections are received, the Court will enter the Final Claims Order.

Upon entry of the Final Claims Order, Plaintiffs' Counsel will notify Newcor, Inc. of his readiness to distribute checks for the Claim Amounts.  Within 28 days after providing such notice, Newcor, Inc. will forward the Claim Amount checks, made payable to the persons and in the amounts shown on the exhibit to the Final Claims Order, to Plaintiffs' Counsel.  Plaintiffs's Counsel will then distribute these checks to eligible Plaintiffs.

Newcor, Inc. will have no other responsibility for the administration of the payment of the Claim Amounts.  Its delivery of the checks to Plaintiffs' Counsel will satisfy its obligations with respect to the distribution of Claim Amounts.

## V.     ADDITIONAL INFORMATION

Any questions you have about matters contained in this Notice (and any address changes) should <u>NOT</u> be directed to the Court but should be addressed in writing to:

> Roger J. McClow, Plaintiffs' Counsel
> Klimist, McKnight, Sale, McClow & Canzano, P.C.
> 400 Galleria Officentre, Suite 117
> Southfield, MI  48034

## VI.    JURISDICTION OF THE COURT

The Court has retained continuing jurisdiction over the Settlement Agreement, and has the power to enter appropriate orders to enforce and administer the Settlement Agreement.

## VII.   REMINDER OF TIME LIMIT

All Claim Forms must be completed and returned to Plaintiffs' Counsel by first class mail postmarked no later than [insert date].

Dated: [insert date]

_____
Clerk of the Court

**Ex G notice of opportunity to file claim 110309 final.wpd**

# EXHIBIT H

# Newcor, Inc. Retiree Claim Form

## For Medical Insurance Expenses

**Audia et al v Newcor, Inc.**          U.S. District Court - Eastern District of Michigan

**Burcicki v. Newcor, Inc.**          U.S. District Court - Eastern District of Michigan

| First Name | Initial | Last Name | Birth Date | SSN | Spouse |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| Address | City | State | Zip |
|---|---|---|---|
|  |  |  |  |

## Health Care Expenses

| Date | Name of Provider | Service Rendered | Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Total _____

## Insurance Premiums

| Insurance Company | Dates of Coverage | Amount |
|---|---|---|
|  |  |  |
|  |  |  |

Total _____

## Prescription Drug Expenses

| Pharmacy | No. of Prescriptions | Dates of Payment | Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Total _____

Please sign and date this Claim Form on the reverse side. Follow the
instructions on the back when preparing this Claim Form

# EXHIBIT I

**EXHIBIT I**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

*Burcicki, et al v. Newcor, Inc. (Newcor Machine Tool)*   Case No. 02-70230
*Audia, et al v. Newcor, Inc. (Wilson Automation)*   Case No. 10-10209

**NOTICE OF PROPOSED DISTRIBUTION OF CLAIM AMOUNTS**

To:   Certain retired bargaining unit employees of Newcor, Inc.'s Newcor Machine Tool and
Wilson Automation Plants

**I.   BACKGROUND**

On [insert date], the Court entered a Final Judgment approving the Settlement Agreement

between Newcor, Inc. and Plaintiffs.

The Settlement Agreement provides that Newcor, Inc. will pay to each eligible Plaintiff a

Claim Amount as that term is defined in the Settlement Agreement.

On [insert date], a Notice of Opportunity to File Claims was sent to all Plaintiffs informing

them of the opportunity to file claims and informing them that documented Claims had to be filed

by [insert date].

During the 45 days after the mailing of the Notice of Opportunity to File Claims, Plaintiffs

or their authorized representatives returned Claim Forms and submitted documented claims to

Plaintiffs' Counsel.  After the expiration of this 45-day period, claims were no longer accepted and,

pursuant to the Settlement Agreement, any further claims were barred.

After the deadline passed for the filing of claims, and pursuant to the Settlement Agreement,

Plaintiffs' Counsel reviewed the Claim Forms which had been submitted, determined which claims

he determined to be properly documented and in what amounts.  On [insert date], Plaintiffs' Counsel

submitted a Claims Report to Newcor, Inc. showing what he had determined to be the properly

documented Claim Amounts.

[to be tailored to the facts] Newcor, Inc. reviewed the Report submitted by Plaintiffs' Counsel. Newcor, Inc. and Plaintiffs' Counsel then either agreed to the Claim Amounts or submitted disputed Claim Amounts to the Magistrate Judge for resolution pursuant to provisions of the Settlement Agreement. The Magistrate Judge reviewed the disputes submitted to him [her] and scheduled a hearing. Following the hearing, the Magistrate Judge issued a report establishing the Claim Amounts for the disputed claims.

On [insert date], the Court approved this Notice and required Plaintiffs' Counsel to mail to all known Plaintiffs.

## II.    PROPOSED DISTRIBUTION OF CLAIM AMOUNTS

The Claim Amounts that were agreed to by the parties or established by the Magistrate Judge are set forth on the attached Claim Amount Schedule.

If this proposed distribution is approved by the Court without modification, the actual amount to be distributed to each eligible Plaintiff will be the amount listed in the attached Claim Amount Schedule.   You should find the Claim Amount established for you and, if you do not agree that it is accurate, you can file an objection to the proposed distribution.

## III.    OPPORTUNITY TO OBJECT TO PROPOSED CLAIM AMOUNTS

Any Plaintiff may file a written objection to the proposed Claim Amount.  Any such objection must be made in writing and postmarked on or before [insert date]. Objections must be sent to the Clerk of the Court, Plaintiffs' s Counsel and Newcor, Inc. at the following addresses:

Clerk of the Court
United States District Court
Eastern District of Michigan
Suite 400, 200 E. Liberty Street
Ann Arbor, Michigan 48104

Roger J. McClow, Plaintiffs' Counsel
Klimist, McKnight, Sale, McClow and Canzano, P.C.
400 Galleria Officentre, Suite 117
Southfield, MI  48034

Mark Nelson, Esq.
Butzel Long
Counsel for Newcor, Inc.
350 S. Main, Suite 300
Ann Arbor Michigan 48104

Objections should bear the following heading *Burcicki, et al v. Newcor, Inc. (Newcor Machine Tool)*,  Case No. 02-70230 or *Audia, et al v. Newcor, Inc*. (Wilson Automation) Case No. 10-10209, "Objections to Claim Amount."  To be valid, any objection must state with specificity the basis for the objection and must be supported by written documentation demonstrating the amount of the proposed Claim Amount is not accurate.

If objections are received, the Court may schedule a hearing to review and rule them.  If no objections are received, or if the objections are rejected by the Court, the Court will enter a Final Claims Order listing the names of Plaintiffs and Claim Amounts set forth in the Claim Amounts Schedule.  If there are objections which are sustained by the Court, the Court will enter a Final Claims Order with a modified Claim Amounts Schedule to reflect the resolution of the objections.

**YOU DO NOT NEED TO DO ANYTHING IF YOU AGREE TO THE CLAIM AMOUNT NEXT TO YOUR NAME IN THE CLAIM AMOUNTS SCHEDULE.**

Within twenty-eight (28) days after entry of the Final Claims Order, Newcor, Inc. will deliver  checks in the names and amounts set forth in the Claim Amounts Schedule attached to that Order to Plaintiffs' Counsel.  Plaintiffs' Counsel will then distribute the checks to Plaintiffs listed in the Final Claims Order as having Claim Amounts. After the distribution of the checks, Plaintiffs' Counsel will submit a Final Accounting to the Court.

3

**IV.    ADDITIONAL INFORMATION**

Any questions you have about the matters contained in this Notice should **<u>NOT</u>** be directed

to the Court, but should be directed in writing to:

> Roger J. McClow, Plaintiffs' Counsel
> Klimist, McKnight, Sale, McClow and Canzano, P.C.
> 400 Galleria Officentre, Suite 117
> Southfield, MI  48034

It is extremely important that you notify Plaintiffs' Counsel of any change in your name or

address.

Dated:_____              _____
                                                     Clerk of the Court

P:\RHC Cases\Wilson Automation\2010 case\Settlement\Ex I Notice of Proposed Distribution 110309 final draft.wpd

4

# EXHIBIT J

**EXHIBIT J         LETTER TO BE SENT WITH CLAIMS CHECK**

[Firm Letterhead]

[insert date]

To:      Plaintiffs in the *Burcicki* Litigation and *Audia* Litigation against Newcor, Inc.

From:  Plaintiffs' Counsel

Re:      **Distribution of Claim Amount Checks**

Greetings:

I am pleased to enclose the attached check from Newcor, Inc. representing payment of the approved Claim Amount for certain health care expenses you incurred as a result of Newcor, Inc.'s changes to your Medical Insurance Benefits.  This check is being distributed pursuant to the Settlement Agreement and the [insert date] Final Judgment entered by the Court in the above litigation.

I am very pleased with the results of this litigation and that our efforts, together with the strong and continuing support of the UAW, have made this payment and continuing Medical Insurance Benefits available to you. We thank you once more for your patience and cooperation in this lengthy process.

Sincerely,

Roger J. McClow

rjm
Enclosure

P:\RHC Cases\Wilson Automation\2010 case\Settlement\Ex J Plainitffs' Counsel Letter with Check 110309 final.wpd